[No. 11891. Department Two. July 27, 1914.]

MARK MUNSON, *Respondent*, v. A. O. JOHNSON *et al.*,
*Appellants.*[1]

NEW TRIAL—MISCONDUCT OF COUNSEL—OFFERS OF PROOF. Persistent offers of proof of evidence that had been previously excluded is not such misconduct of counsel as to require a new trial, where it cannot be said that counsel acted in bad faith with intent to place inadmissible evidence before the jury, and any prejudicial effect was removed by the court's instructions during the course of the trial requiring the jury to disregard all such excluded evidence.

TRIAL — MISCONDUCT OF JUDGE — COMMENT ON FACTS — REVIEW— HARMLESS ERROR. An introductory statement in the instructions to the jury that the action was "to recover damages suffered by the plaintiff by reason of breach of covenant," is not prejudicially erroneous as a comment on the facts.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 17, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Saunders & Nelson* and *Robert F. Booth*, for appellants.

*Roney & Loveless, Jas. A. Dougan, John P. Hartman*, and *Arthur E. Nafe*, for respondent.

PARKER, J.—The plaintiff seeks recovery of damages which he claims resulted to him from the breach, on the part of the defendants, of a covenant to repair the elevator in the Knickerbocker Hotel, in Seattle, which was leased to him by them. A trial before the court and a jury resulted in verdict and judgment in favor of the plaintiff, from which the defendants have appealed.

The principal contentions of counsel for appellants have to do with alleged misconduct of counsel for respondent in continuing to ask witness questions and making offers of proof touching items of loss, claimed by respondent, resulting from appellants' breach of the covenant to repair,

[1]Reported in 142 Pac. 18.

as to which the trial court had previously excluded evidence
upon the objection of counsel for appellants.   The record
before us does evidence a considerable degree of persistence
on the part of counsel for respondent in the direction com-
plained of by counsel for appellants; but we cannot say that
it was such as to warrant our holding that counsel acted in
bad faith with an intention to ignore the court's prior rul-
ings and place before the jury inadmissible evidence.   The
trial court seems to have taken special pains to avoid any
possible prejudicial effect of counsel's questions and offers
of proof upon the minds of the jury, instructing the jury to
ignore all such excluded evidence.   These ·instructions were
given at different times during the progress of the trial, and
also in the court's instructions at the conclusion of the trial.
For instance, on one occasion, in connection with the court's
ruling, the jury was told· by the court:

"You are not to pay any attention or allow to have any
weight with you any statement of counsel in offering evi-
dence that the court excludes.   You will try this case upon
the evidence admitted in open court and not upon the offers
or arguments."

Similar observations were made by the court to the jury
on other occasions, when ruling against counsel for respond-
ent.   The controversy has been apparently accompanied by
considerable feeling between the. parties.   This also seems
to have been reflected to some extent by counsel for the re-
spective parties during the trial of the case.   If counsel for
respondent are subject to any criticism of the nature sought
to be made by counsel for appellants, we think it may be
said, from the record as a whole, that counsel for appellants
are also, in a measure, subject to the same criticism.   We
think, however, that whatever prejudice might have occurred
of the nature complained of, it was capable of being, and was,
in fact, cured by the court's admonitions and instructions to
the jury made from time to time during the trial.

In the beginning of the court's instructions given to the

jury, the cause was referred to by the court as an action by the plaintiff, "seeking to recover damages suffered by him by reason of a breach of covenant," etc. This is complained of by counsel for appellants as a comment upon the facts, it being argued that it amounts to a statement on the part of the court that damage claimed was, in fact, suffered by the plaintiff. This was a mere introductory remark by the court for the purpose of stating the nature of the action. Reading the instructions as a whole, we think it is quite plain that the court submitted to the jury the questions of the breach of the covenant by appellants, whether damages resulted therefrom to respondent, and the amount thereof, if any. Reading the instructions as a whole, we are quite unable to see how any one would infer therefrom that the court had any opinion as to whether or not damage had been suffered by respondent or as to the amount thereof.

Other rulings of the trial court are complained of as erroneous. These claims of error, we think, are without merit and do not call for discussion. The verdict finds ample support in the evidence as to the breach of the covenant, damage flowing therefrom, and the amount thereof found by the jury. Indeed, counsel for appellant do not seem to be seeking a new trial upon the ground of the insufficiency of evidence. We think the cause does not call for further discussion.

The judgment is affirmed.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., concur.