[No. 9559. Department Two. September 14, 1911.]

E. O. BAILEY, *Respondent*, v. H. T. HAYDEN *et al.*, *Appellants*.[1]

TRESPASS — DAMAGES — CUTTING AND REMOVING TIMBER—TREBLE DAMAGES—MEASURE. Under Rem. & Bal. Code, § 939, providing for treble damages for the cutting of timber on the land of another without lawful authority, in connection with § 940, providing for single damages if the trespass be casual or involuntary, the measure of damages is treble the value of the standing timber and not its increased value after it is cut into logs, the statute being penal in its nature.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered March 13, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for trespass. Reversed.

[1]Reported in 117 Pac. 720.

· *A. W. Buddress* and *J. M. Ralston*, for appellants.

*Thos. R. MacMahon* and *Winter S. Martin* (*Roy D. Robinson*, of counsel), for respondent.

Ellis, J.—Action to recover treble damages for cutting and removing timber from respondent's land, adjoining the waters of Scow bay, in Jefferson county. The jury found specially: (1) That the appellants cut and removed from respondent's land 45,000 feet of cedar timber; (2) that it was of a market value of $8 per thousand; (3) that it was taken without lawful authority; (4) that appellant, by the exercise of ordinary care, could have ascertained that the land from which the timber was taken belonged to respondent. A verdict was returned in favor of respondent for the sum of $360. The court entered judgment for treble that sum and for costs. From that judgment, this appeal is prosecuted.

We find it unnecessary to review the evidence further than to say that the special findings of the jury were amply supported by it under the court's instructions. The taking was without authority. Appellants had ample means of knowledge that the timber belonged to respondent. The value of $8 per thousand, found by the jury, was in accord with the lowest value in the waters of Scow bay fixed by any witness. There was no claim for damage to the land itself by reason of the trespass. The sole claim was for the cutting and removal of the trees.

The dominant question presented by this appeal is, What measure of damage is to be applied where timber is taken from the land of another without authority and without excuse? The appellants contend that the single damages contemplated by the statute should be determined by the stumpage value of the timber cut and removed; that is, by the value of the timber as standing trees. The respondent urges that the damages should be measured by that value as enhanced by the labor of cutting and removal; that is, in this case, by the value of the logs in the waters of Scow bay. The court in-

structed to the effect that, if the jury found that the appellants took the timber with knowledge, or under circumstances which should charge them with knowledge, that it was respondent's timber, the jury should find the value to be the market value of cedar timber in the waters of Scow bay at the time of the cutting; but that if it was found that appellants neither had nor could be charged with such knowledge, then the jury should find the value to be the above value less the reasonable cost of cutting and placing the logs in the water.

In the absence of a statute imposing a penalty for wilful or inexcusable trespass, there can be no doubt that this instruction states the correct measure of damages, both for wilful and for unintentional cutting and removal of timber from the land of another. If the taking was inadvertent, the owner is entitled to such damages, and only such, as are compensatory; that is to say, he is entitled to what the trees would be worth on a sale in the condition in which they were at the time of the taking, unenhanced by the labor of making into logs and placing in the water. But if the taking was by wilful trespass, then he is entitled to recover in damages the enhanced value of the timber without any deduction for labor and expense bestowed upon it. In the latter case the damages are not merely compensatory but punitive. In an action of trover, in the absence of statute, the one or the other of these would be the measure of damages, and which of these would be dependent upon turpitude or lack of turpitude in the taker. This is the rule according to the decided weight of authority, both in this country and in England, in cases where no damage to the land itself is claimed. *Woodenware Co. v. United States*, 106 U. S. 432; *Pine River Logging Co. v. United States*, 186 U. S. 279; *Beede v. Lamprey*, 64 N. H. 510, 15 Atl. 133, 10 Am. St. 426; *Parker v. Waycross & Fla. R. Co.*, 81 Ga. 387, 8 S. E. 871; *Heard v. James*, 49 Miss. 236; *Winchester v. Craig*, 33 Mich. 205; *Forsyth v. Wells*, 41 Pa. St. 291, 80 Am. Dec. 617; *White v. Yawkey*, 108 Ala.

270, 19 South. 360, 54 Am. St. 159, 32 L. R. A. 199; *Living-stone v. Rawyards Coal Co.*, 5 Appeal Cases L. R. 25; 4 Sutherland, Damages (3d ed.), § 1020. In all of these authorities the punitive character of the larger measure of damages is distinctly recognized.

It is said in *Beede v. Lamprey, supra*, 10 Am. St. 430:

"In cases of conversion by wilful act or fraud, the value added by the wrongdoer after conversion is sometimes given as exemplary or vindictive damages, or because the defendant is precluded from showing an increase in value by his own wrong, and from claiming a corresponding reduction of damages."

But whether the larger damages be frankly called vindictive damages, or are allowed on the last mentioned ground without any express name, their nature is the same. It is obvious that the increased measure is allowed, not as compensation to the person wronged, but as punishment to the wrongdoer. It is not a mere question of terms, but of the inherent quality of the thing. The increased measure is punitive in its very nature, in that it exceeds the true measure of compensation. It is plain that the person whose trees are cut suffers exactly the same injury where the trespass is involuntary as where it is wilful. In each case he suffers the loss of his trees.

The statute under which this action was brought (Rem. & Bal. Code, § 939), provides that, whenever any person shall cut down or carry away any tree, timber, etc., on the land of another, without lawful authority, he shall be liable in an action by the owner in treble damages. Section 940 provides that, if the trespass be casual or involuntary, or the defendant had probable cause to believe that the land was his own, judgment shall be given for single damages only. It is manifest that the single damages referred to in the latter section must be compensatory damages, not exemplary or punitive, because, in case of involuntary trespass, even without the statute, the damages would be merely compensatory

and measured by the value of the trees before removal. But this latter section was plainly intended to relieve the involuntary trespasser from the penalty of treble damages imposed by the preceding section, and from nothing else. The implication is, therefore, plain that the damages to be trebled as against a wilful trespasser, as provided in the first section, are the single damages allowed in the latter section. As we have seen, all damages above compensatory damages are, in their nature, punitive. If, therefore, the single damages which are to be trebled as against the conscious wrongdoer are not compensatory only, but the punitive measure allowed in the common law action of trover, the statute does not treble damages only, but damages and penalty. The statute is penal in its nature, not merely remedial. As such it should be strictly construed. *Gardner v. Lovegren,* 27 Wash. 356, 67 Pac. 615; *Postal Telegraph Cable Co. v. Lenoir,* 107 Ala. 640, 18 South. 266. We are constrained to hold that the statute, construing the two sections together according to their most obvious intent, contemplates but one measure of damages—the actual and compensatory—which shall be trebled as against the wilful wrongdoer and allowed singly as against the casual or involuntary trespasser.

The exact question here presented has not heretofore been decided by this court. The supreme court of Oregon, however, under an exactly similar statute, has, on the same question, reached the same conclusion as that herein announced. *Oregon & California R. Co. v. Jackson,* 21 Ore. 360, 28 Pac. 74. See, also, *Shepherd v. Gates,* 50 Mich. 495, 15 N. W. 878.

Whether by waiving any claim to the treble damages given by the statute the respondent might have maintained the action as at common law to recover damages as measured by the enhanced value of the timber in Scow bay, we do not now decide. The briefs do not cover this question, and it is one which should not be decided without thorough presentation. It is not within the issue here. The complaint expressly al-

leges that the action is brought to recover the treble damages.

The action having been tried upon a mistaken theory, and submitted to the jury under an erroneous instruction, the judgment is reversed, and the cause remanded for a new trial.

DUNBAR, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.