[No. 46161.   En Banc.   November 8, 1979.]

SANDRA L. PEARCE, *Respondent*, v. G. R. KIRK
COMPANY, *Petitioner*.

*Joseph F. Quinn* (of *Gordon, Thomas, Honeywell, Malanca, Peterson & O'Hern*), for petitioner.

*Thomas C. O'Hare* and *Smith, Redman & O'Hare,* for respondent.

ROSELLINI, J.—This is an action for treble damages, brought under RCW 64.12.030. The trial court found that the defendant willfully cut 426 trees on plaintiff's land. According to the findings, the plaintiff had planned to market these trees at retail and she had in fact sold at retail 57 of the 65 trees remaining on her land. The court found that, had the plaintiff been able to take the trees which were cut to market, she would have realized the sum of $3 per tree, less the cost of transportation to market and the costs of sale. The stumpage value, proven by the undisputed testimony of a witness for the defendant, was considerably less than this amount. The court awarded damages of $3,678.40, less the expenses which it found that the plaintiff would have incurred in the marketing of the trees. Judgment was given for treble the amount of damages.

In the Court of Appeals, the defendant urged again a theory which it had pressed upon the trial court—that RCW 79.40.070 provides the exclusive remedy for the cutting of Christmas trees. That statute authorizes the recovery of $1 per tree, trebled if the cutting was willful. The Court of Appeals rejected this theory, as the trial court had

done. It approved the measure of damages utilized by the trial court, but modified the judgment to correct two errors in the computation of damages. *Pearce v. G.R. Kirk Co.*, 22 Wn. App. 323, 589 P.2d 302 (1979).

We granted the defendant's petition for review of two questions: whether the "Christmas tree statute" affords the plaintiff her only statutory remedy and whether the proper measure of damages was applied.

Examining RCW 64.12.030[1] and RCW 79.40.070,[2] we find that neither was intended to provide an exclusive remedy, and we affirm the interpretation adopted by the Court of Appeals. It is true that, as the defendant argues, RCW 79.40.070 applies to Christmas trees specifically, while RCW 64.12.030 deals with them only in a general way. Were there a conflict between the two statutes, perhaps we would be forced to hold that the Christmas tree statute applies to the exclusion of RCW 64.12.030. In that event, we would be faced with a possible constitutional infirmity in the latter statute, if it were found to operate to compel

---

[1] "Whenever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person, or on the street or highway in front of any person's house, village, town or city lot, or cultivated grounds, or on the commons or public grounds of any village, town or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town or city against the person committing such trespasses or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be." RCW 64.12.030.

[2] "It shall be unlawful for any person to enter upon any of the state lands, including all land under the jurisdiction of the state forest board, or upon any private land without the permission of the owner thereof and to cut, break or remove therefrom for commercial purposes any evergreen trees, commonly known as Christmas trees, including fir, hemlock, spruce, and pine trees. Any person cutting, breaking or removing or causing to be cut, broken or removed, or who cuts down, cuts off, breaks, tops, or destroys any of such Christmas trees shall be liable to the state, or to the private owner thereof, for payment for such trees at a price of one dollar each if payment is made immediately upon demand. Should it be necessary to institute civil action to recover the value of such trees, the state in the case of state lands, or the owner in case of private lands, may exact treble damages on the basis of three dollars per tree for each tree so cut or removed." RCW 79.40.070.

the sale of private property at a price less than its true value.

However, we do not find the statutes to be in conflict. The rule is that legislative enactments which relate to the same subject and are not actually in conflict should be interpreted so as to give meaning and effect to both, even though one statute is general in application and the other is special. *Davis v. King County,* 77 Wn.2d 930, 468 P.2d 679 (1970). Such an interpretation gives significance to both acts of the legislature.

When these two acts are given effect, one permits a person whose trees have been taken to prove his actual damages and recover that amount trebled, if the taking is willful; the other provides a statutory measure of damages, which he may utilize if he chooses and avoid the necessity of proving actual damages. There is no language in either statute making it an exclusive remedy.[3]

It is possible to infer an intent to make the remedy exclusive from some of the language used. RCW 79.40-.070 provides that a person cutting Christmas trees for commercial purposes "shall be liable . . . for payment . . . at . . . one dollar each." However, it must be remembered that this statute was enacted in 1937, at a time when $1 was a large price to pay for a Christmas tree, even at retail. According to the defendant's evidence in this case, it is still a high price for stumpage. With this in mind, it becomes evident that the words "shall be liable" were intended to impose a punitive liability, even without the imposition of treble damages. Undoubtedly, at that time, the recovery which could be had under this statute was greater than that which could be had by proof of actual damages. Thus, viewed with respect to circumstances existing at the time of its enactment (*see State ex rel. Troy v. Yelle,* 27 Wn.2d 99,

---

[3]*See Grays Harbor County v. Bay City Lumber Co.,* 47 Wn.2d 879, 886, 289 P.2d 975 (1955), where we said that a plaintiff has an option of bringing a common-law conversion action.

176 P.2d 459, 170 A.L.R. 1425 (1947)), this statutory language cannot be held to evidence a legislative intent to deny an owner the right to pursue other more compensatory remedies.

Nor does the fact that the Christmas tree statute was enacted at a later date than RCW 64.12.030 manifest a legislative intent to deprive an owner of the remedy provided in the latter statute.

The policy and purpose of both statutes is to protect the owner against unauthorized cutting of his trees—not to limit his right of recovery. We conclude therefore that when the legislature enacted RCW 79.40.070, it did not intend to deprive owners of the remedy previously provided in RCW 64.12.030. The courts below correctly held that the plaintiff could pursue her remedy under the latter statute.

The remaining question concerns the measure of damages adopted by the Superior Court and the Court of Appeals. RCW 64.12.030 provides that, where trees are willfully cut, judgment shall be given for treble the amount of "damages claimed or assessed therefor, as the case may be." In construing this statute, we have said that the amount of damages to be trebled should be compensatory damages only, and should not include the punitive damages awarded in a common–law action for willful conversion, where the converter is allowed no deduction for the value which he has added to the converted property. *Bailey v. Hayden,* 65 Wash. 57, 117 P. 720 (1911); *Grays Harbor County v. Bay City Lumber Co.,* 47 Wn.2d 879, 289 P.2d 975 (1955). In each of those cases, it was found that to award the plaintiff stumpage (the value of the standing timber) would compensate him for his loss. In neither of those cases, and in no Washington case that has come to our attention, did the plaintiff assert that he intended to cut and market the timber himself as the plaintiff did here.

It was proved to the satisfaction of the trial court here, and the defendant does not question that proof, that the plaintiff planned, with the help of her father, to cut these

Christmas trees and sell them at retail. She presented evidence of the profit she would have made. The defendant offered no evidence that she would have realized a lesser amount of profit. With the case in that posture, it is apparent that to award her only the stumpage value would be to deny full compensation for her loss.

The measure of damages for the unauthorized conversion of merchantable timber has quite generally been held to be the stumpage value. *See* Annots., 161 A.L.R. 549 (1946), 69 A.L.R.2d 1335 (1960); H. Falk, Jr., *Timber and Forest Products Law* (1958); C. McCormick, *The Law of Damages* § 126 (1935); H. Oleck, *Damages to Persons and Property* § 217 (rev. ed. 1961). In cases where the timber is intended to be sold as stumpage, and this would appear to be the great majority of cases, this is undoubtedly a proper measure, as it reflects the actual loss suffered by the owner. But, as McCormick remarks in section 126 of his text at page 493, stumpage value hardly seems an adequate measure of relief to a plaintiff who intended to market his trees, not by selling them as standing timber, but by cutting them and selling them as logs or lumber.

In Arkansas, in several cases, the Supreme Court has held that the proper measure of damages where the converter has enhanced the value of the trees, is the value of the manufactured product, less the cost of putting the property into the finished form, thus giving the person who owned the trees the profit that might have been derived from their sale. *See Burbridge v. Bradley Lumber Co.,* 218 Ark. 897, 239 S.W.2d 285 (1951); *Randleman v. Taylor,* 94 Ark. 511, 127 S.W. 723 (1910); *Hudson v. Burton,* 158 Ark. 619, 250 S.W. 898 (1923), and Annot., 69 A.L.R.2d 1335, at 1349 (1960).

In Oregon, the courts have recognized the propriety of awarding special and consequential damages, including lost profits, in a conversion action, where the proof shows that such damages have been sustained. This trend is pointed out in 2 *Damages* (Oregon State Bar CLE 1973) §§ 41.9, .10, and .12.

Here the fact of lost profits is not in dispute. While the adoption of a measure of damages not heretofore applied in a timber trespass case is involved, the award of such damages accords with the principle that damages should be compensatory. The punitive element embodied in the trebling of damages is one which is mandated by the legislature and not by the courts. *Grays Harbor County v. Bay City Lumber Co., supra.*

In computing the amount of lost profits, the trial court deducted marketing costs which would have been incurred by the plaintiff. It did not deduct the value of the labor involved in the cutting of the trees because the evidence showed that her father would have performed this service free of charge. In its reply brief before the Court of Appeals, the defendant argued that the value of such labor should be deducted. It did not assign error to the trial court's ruling upon this point. Insofar as we are shown, the question was never raised in the trial court. Assuming, without deciding, that the failure to make a deduction for the cost of cutting the trees was error, that error must be deemed to have been waived.

For the reasons stated herein, the result reached by the Court of Appeals is affirmed.

UTTER, C.J., WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., and HAMILTON and RYAN, JJ. Pro Tem., concur.