942 P.2d 968 (1997)
133 Wash.2d 106
Martin BIRCHLER, a single man; and Judith Wilson, a single woman; and Dean B. Lang and Darlene Lang, husband and wife, and the marital community composed thereof, Respondents,
v.
CASTELLO LAND COMPANY, INC., a Washington corporation; and J.R. Hayes & Sons, Inc., a Washington corporation, Petitioners.
No. 64548-5.
Supreme Court of Washington, En Banc.
August 21, 1997.
As Amended September 17, 1997.
*969 Karr, Tuttle & Campbell, Steven D. Robinson, Seattle, for Petitioner.
James Austin Doros, Seattle, for Respondent.
Nicholas P. Gellert, Seattle, Amicus Curiae on behalf of Puget Sound Energy.
TALMADGE, Justice.
Castello Land Company (Castello) and J.R. Hayes & Sons, Inc. (Hayes), destroyed the trees and vegetation of various homeowners, and were found liable by the jury at trial for damages, which were trebled by the trial court pursuant to RCW 64.12.030. The jury also awarded emotional distress damages of $2,000 to each of the homeowners. Castello and Hayes now contend emotional distress damages cannot be recovered in a statutory action for injury to trees and shrubs because the plaintiffs must elect either statutory or common law remedies. We hold emotional distress damages, if proved, may be recovered in an action under RCW 64.12.030, and no election of remedies is necessary. We affirm the judgment on the verdict of the jury.

ISSUE
Are emotional distress damages recoverable in a timber trespass action under RCW 64.12.030?

FACTS
During the late summer of 1990, Castello hired Hayes to grade and fill Castello's undeveloped ravine, which abutted property belonging to the respondents, Birchler, Lang, and Wilson (the homeowners). Despite blueprints showing the proper boundaries of the respective properties, Hayes' personnel at the jobsite intentionally encroached on Wilson's property during the grading and filling operation, resulting in the removal of vegetation, destruction of her fence, and the placement and grading of fill. To make the grading consistent, Hayes later encroached on the properties of Birchler and the Langs to a similar extent.
The homeowners sued Castello and Hayes for violation of RCW 64.12.030, common law trespass, and violation of the Consumer Protection Act, RCW 19.86. The homeowners sought general damages in tort, including emotional distress damages, and did not allege a distinct claim for emotional distress. The trial court dismissed the RCW 19.86 claims on summary judgment and the homeowners did not pursue their common law trespass claims. Neither of these claims is at issue in this appeal. The homeowners' sole theory for recovery at trial was RCW 64.12.030.[1]
Castello and Hayes moved at the beginning of the trial to strike the homeowners' request for emotional distress damages on the ground that such damages are not recoverable in a statutory timber trespass action. The trial court denied the motion. The case went to trial in January 1995. Employing special verdict forms for each homeowner, the jury found Birchler, Wilson, and the Langs had suffered $17,000, $17,000, and $13,250 in damages, respectively. Moreover, in each case, the jury concluded Castello and Hayes had failed to prove the trespass was not casual or involuntary; the jury also found *970 that they willfully or wantonly removed the homeowners' trees and shrubbery, a prerequisite for the trebling of damages.[2] Thus, in each case, the judgment on the verdict was for three times the amount of damages the jury found, a total of $141,750. In a segregated portion of the verdict form, the jury also found Castello and Hayes had caused the homeowners emotional distress, and awarded each respondent $2,000 damages. The trial court did not treble the emotional distress damages.[3]
Castello and Hayes appealed and the Court of Appeals affirmed the judgment. Birchler v. Castello Land Co., Inc., 81 Wash. App. 603, 915 P.2d 564 (1996). Castello and Hayes sought review in this Court, which we granted, solely on the availability of emotional distress damages in a statutory timber trespass action.

ANALYSIS
RCW 64.12.030 creates a punitive damages remedy, trebling damages for injury to, or removal of, trees, timber, or shrubs, when a person trespasses on the land of another. This treble damage remedy is available when the trespass is "willful," because if the trespass is "casual or involuntary" or based on a mistaken belief of ownership of the land, treble damages are not available. RCW 64.12.040. As befits a penal statute, our decisions have interpreted this punitive damages provision narrowly. Grays Harbor County v. Bay City Lumber Co., 47 Wash.2d 879, 886, 289 P.2d 975 (1955); Bailey v. Hayden, 65 Wash. 57, 61, 117 P. 720 (1911). At the same time, our cases have been cognizant of the purpose of RCW 64.12.040: to punish trespassers, to prevent careless or intentional removal of trees and vegetation from property, and to roughly compensate landowners for their losses. Pearce v. G.R. Kirk Co., 92 Wash.2d 869, 602 P.2d 357 (1979); Guay v. Washington Natural Gas Co., 62 Wash.2d 473, 383 P.2d 296 (1963).
RCW 64.12.030 does not precisely articulate the damages that are subject to trebling, indicating only that punitive damages are available "[w]henever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub ..." Our cases have generally confined the treble damages remedy to injury to, or removal of, vegetation, although the measure of damages has varied by the type of vegetation affected. In Sherrell v. Selfors, 73 Wash.App. 596, 602, 871 P.2d 168, review denied, 125 Wash.2d 1002, 886 P.2d 1134 (1994), the Court of Appeals undertook a compilation of the cases addressing the measure of damages in RCW 64.12.030 cases:
RCW 64.12.030 applies to any "tree", "timber" and "shrub". When the damage is to "timber", the landowner is generally compensated based on the "stumpage value" of the severed trees, together with other damages that are a normal consequence of the logging operation. See, e.g., Henriksen v. Lyons, 33 Wash.App. 123, 127, 652 P.2d 18 (1982), review denied, 99 Wash.2d 1001 (1983); Bremerton Central Lions Club, Inc., [v. Manke Lumber Co., 25 Wash.App. 1] at 7[, 604 P.2d 1325 (1979)]. When the damage is to a "productive tree", its production value rather than its stumpage value is the measure of damages. See, e.g., Sparks, [v. Douglas County, 39 Wash.App. 714] at 720 [, 695 P.2d 588 (1985)] (measure is lost production value of fruit trees while replacement trees are maturing less production costs). When the damage is to Christmas trees intended to be sold at market, lost profits, not stumpage *971 value, [are] an appropriate measure of damages. Pearce v. G.R. Kirk Co., 92 Wash.2d 869, 873-74, 602 P.2d 357 (1979).
The Sherrell court held the measure of damages in a case involving injury to or destruction of residential/ornamental trees or shrubs, such as the present case, was the restoration or replacement cost for the vegetation. Id. at 603, 871 P.2d 168. See also Tatum v. R & R Cable, Inc., 30 Wash.App. 580, 636 P.2d 508 (1981), review denied, 97 Wash.2d 1007 (1982). None of these cases, however, specifically addressed the issue of whether emotional distress damages are recoverable under RCW 64.12.030.
A. Election of Remedies
Castello and Hayes rely primarily on the doctrine of election of remedies for their view that emotional distress damages may not be recovered under RCW 64.12.030:
Those who bring actions to recover damages for the loss of, or injury to, trees, plants and shrubs must make an election to pursue either common law remedies or the statutory remedy created by RCW 64.12.030.... When the statutory remedy is chosen, common law remedies and damages are pre-empted.
Pet. for Review at 7. Castello and Hayes do not cite any election of remedies cases to support this assertion; nor do the election of remedies cases help them.
The purpose of the doctrine of election of remedies is to prevent a double redress for a single wrong. Lange v. Town of Woodway, 79 Wash.2d 45, 49, 483 P.2d 116 (1971); Barber v. Rochester, 52 Wash.2d 691, 695, 328 P.2d 711 (1958). "[T]hree elements must be present before a party will be held bound by an election of remedies. Two or more remedies must exist at the time of the election; the remedies must be repugnant and inconsistent with each other; and the party to be bound must have chosen one of them." Lange, 79 Wash.2d at 49, 483 P.2d 116. See also Watkins v. Siler Logging Co., 9 Wash.2d 703, 725, 116 P.2d 315 (1941).
A claim for damages from emotional distress is not an alternate or cumulative remedy for timber trespass that one may elect in lieu of a common law remedy or the statutory remedy, but merely another item of damages for a wrong committed as a result of the timber trespass. Nor are emotional distress damages "repugnant and inconsistent" with damages caused by timber trespass. The facts of the present case do not present an election of remedies issue.
Numerous cases indicate that a party can recover treble damages under RCW 64.12.030, as well as other, provable, nonduplicative damages. For example, in Henriksen v. Lyons, 33 Wash.App. 123, 652 P.2d 18 (1982), review denied, 99 Wash.2d 1001 (1983), upon which Castello and Hayes rely, Henriksen owned land in Skamania County. Lyons committed timber trespass on Henriksen's land, and Henriksen obtained a verdict at a bench trial for the trebled value of the trees cut under RCW 64.12.030, as well as a $3,000 judgment for diminution of the value of her land. Id. at 124, 652 P.2d 18. The Court of Appeals affirmed the award of damages for timber trespass, but reversed the $3,000 judgment for diminution in the value of Henriksen's land, stating:
In this state, the landowner suffering a timber trespass may elect to pursue either common law remedies or statutory remedies. At common law, damages are measured by the difference in the value of the land before and after the trespass. H. FALK, JR., TIMBER AND FOREST PRODUCTS LAW § 156 (1958). The statutory remedy trebles the "stumpage value" of the severed trees. It is designed to compensate the landowner for all damages that are a normal consequence of the logging operation including, inter alia, "the loss of trees of less than merchantable size, the carving out of unwanted logging roads, or possible soil erosion and stream pollution". Pearce v. G.R. Kirk Co., 22 Wash.App. 323, 328, 589 P.2d 302, aff'd, 92 Wash.2d 869, 602 P.2d 357 (1979); Ventoza v. Anderson, 14 Wash.App. 882, 545 P.2d 1219 (1976). Extraordinary losses are recoverable, however, if they are properly segregated. Nystrand v. O'Malley, 60 Wash.2d 792, 375 P.2d 863 (1962). By extraordinary, we mean losses that are not the normal consequence of a logging operation conducted in *972 a reasonably prudent manner, e.g., damages to bridges, pipelines, dwellings and outbuildings.
Henriksen, 33 Wash.App. at 127, 652 P.2d 18. The court held Henriksen was entitled to recover for diminution in the value of her land under the timber trespass statute, but only to the extent she could show the diminution was not a "usual or normal consequence of a logging operation." Id. at 127-28, 652 P.2d 18. Concluding the loss of value was not extraordinary, but was in fact the usual or normal consequence of a logging operation, the Court of Appeals vacated the award of damages for loss of property value. Id. at 128, 652 P.2d 18. Accord Guay v. Washington Natural Gas Co., 62 Wash.2d 473, 383 P.2d 296 (1963); Nystrand v. O'Malley, 60 Wash.2d 792, 796, 375 P.2d 863 (1962); Lytle Logging & Mercantile Co. v. Humptulips Driving Co., 60 Wash. 559, 111 P. 774 (1910).
Henriksen does not hold an action under RCW 64.12.030 precludes the assertion of a claim for emotional distress, as Castello and Hayes contend. Henriksen stands only for the straight-forward proposition that the timber trespass statute subsumes under its rubric all damage claims that are a usual or normal consequence of timber trespass.
Castello also cites Bill v. Gattavara, 34 Wash.2d 645, 209 P.2d 457 (1949), for the proposition, "Relinquishment of common law claims for damages is the chief limitation which results from the election to pursue the exclusive remedy afforded by the timber trespass statute." Br. of Appellants at 15. Bill discusses election of remedies with regard to timber trespass, but does not say the statute is an exclusive remedy barring claims for emotional distress. In 1939, Bill and Gattavara owned adjacent land near Issaquah. Gattavara sold the timber on his land at the beginning of 1939, and the subsequent owners began logging operations on it. Gattavara was to receive a fee for the stumpage. In 1943, Bill discovered the new owners had been trespassing on his property, and had removed 702,000 board feet of timber from it. He learned Gattavara had received $1,368.90 as his fee for the stumpage. Bill sued both Gattavara and the new owners under the timber trespass statute, and obtained a trebled judgment for $7,371.00. On appeal, the Court reversed the judgment against Gattavara on the grounds that Gattavara was not a joint tortfeasor with his buyers and in fact had not trespassed on Bill's property. Bill v. Gattavara, 24 Wash.2d 819, 167 P.2d 434 (1946). The remaining defendants satisfied Bill's judgment against them in full in 1947. Bill then began another action against Gattavara, this time claiming Gattavara's receipt of the stumpage fees was unjust enrichment. The trial court dismissed the action because Bill had already received full satisfaction for his loss in the prior case. Thus, Bill, though employing election of remedy language, is more in the nature of a res judicata decision: a person has only one remedy for a wrong. No res judicata issue is present here.
The argument Castello and Hayes advance is essentially an exclusive remedy argument rather than an election of remedies argument. They contend RCW 64.12.030 provides for treble damages only for injury to, or destruction of, vegetation in a trespass, and that this is the exclusive remedy under the statute; any other damages must be pursued in a common law trespass, conversion, replevin, or unjust enrichment action. In Pearce v. G.R. Kirk Co., 92 Wash.2d 869, 872, 602 P.2d 357 (1979); however, we indicated RCW 64.12.030 is not an exclusive remedy, and reiterate that principle here. Thus, we hold that election of remedies, as Castello and Hayes phrase the issue, does not bar recovery of emotional distress damages under RCW 64.12.030.
B. Emotional Distress Damages
Having determined that damages under RCW 64.12.030 are not confined exclusively to injury to or destruction of vegetation, we next turn to the question of whether emotional distress damages are recoverable under RCW 64.12.030 for a trespass. The timber trespass statute sounds in tort. Tacoma Mill Co. v. Perry, 40 Wash. 44, 47, 82 P. 140 (1905). Trespass is an intentional tort. Bradley v. American Smelting and Ref. Co., 104 Wash.2d 677, 681-82, 709 P.2d 782 (1985); 75 AM.JUR.2D Trespass § 25, at 28 (1991); PROSSER & KEETON, TORTS § 13, at 67-68 (5th ed. 1984). We have "liberally *973 construed damages for emotional distress as being available merely upon proof of `an intentional tort'." Cagle v. Burns and Roe, Inc., 106 Wash.2d 911, 916, 726 P.2d 434 (1986) (permitting damages for emotional distress in wrongful termination action). A wide variety of Washington cases permits damages for emotional distress as supplements to other causes of action.[4]
Amicus argues that in the absence of explicit language in the statute allowing emotional distress damages, "it would be improper to conclude that the legislature intended to allow a measure of damages for willful tree trespass that was not recoverable at common law at the time the Statute was enacted." Br. of Amicus Curiae at 7. We disagree. First, as noted, there is nothing to suggest the timber trespass statute was intended to bar other causes of action. Second, the recovery of emotional distress damages in cases of intentional torts is consistent with the modern rule. See cases collected at Annot., Recovery for Mental Shock or Distress in Connection With Injury to or Interference With Tangible Property, 28 A.L.R.2d 1070, 1091-93 (1953); RESTATEMENT (SECOND) OF TORTS § 929 (1977) (emotional distress damages permitted for trespass to land).
We believe the correct rule is that emotional distress damages are recoverable under RCW 64.12.030 for an intentional interference with property interests such as trees and vegetation. In Schwarzmann v. Association of Apartment Owners of Bridgehaven, 33 Wash.App. 397, 404, 655 P.2d 1177 (1982),[5] then Judge Durham wrote for the Court of Appeals, stating:
This state has indeed recognized that damages for inconvenience, discomfort and mental anguish may result from an intentional interference with property interests.
Accord Pepper v. J.J. Welcome Constr. Co., 73 Wash.App. 523, 547, 871 P.2d 601, review denied, 124 Wash.2d 1029, 883 P.2d 326 (1994). We agree and apply this general principle in actions under RCW 64.12.030. Such emotional distress damages must, of course, be based on more than mere theory or speculation. Pepper, 73 Wash.App. at 547-48, 871 P.2d 601; Nord, 116 Wash.2d at 484, 805 P.2d 800.

CONCLUSION
Castello and Hayes destroyed and removed the homeowners' trees and shrubs. As a result of the injury to their trees and shrubs, the jury found the homeowners suffered emotional distress. The jury awarded them damages for the loss of their trees and shrubs, and damages for their emotional distress. There is nothing in the history of the timber trespass statute to suggest it subsumes all other causes of action that may exist in conjunction with a timber trespass. A hundred-year succession of Washington cases supports damages for emotional distress arising from intentional torts such as trespass generally. Emotional distress damages may be recovered for intentional interference with property interests specifically. We hold emotional distress damages, if proved, may be recovered under RCW *974 64.12.030. We affirm the Court of Appeals and the trial court's judgment on the verdict of the jury.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER and SANDERS, JJ., concur.
NOTES
[1] RCW 64.12.030 provides:

Injury to or removing trees, etc.Damages
Whenever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person, or on the street or highway in front of any person's house, village, town or city lot, or cultivated grounds, or on the commons or public grounds of any village, town or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town or city against the person committing such trespasses or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be.
[2] RCW 64.12.040 provides:

Mitigating circumstancesDamages
If upon trial of such action it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, or that such tree or timber was taken from unenclosed woodlands, for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall only be given for single damages.
[3] Although counsel for the homeowners suggested in oral argument that the emotional distress damages award should have been trebled, we do not reach that issue as the homeowners did not seek cross-review on that issue in the Court of Appeals, RAP 2.4(a), nor did they raise the issue in their Answer to the Petition for Review. RAP 13.4(d).
[4] See Nord v. Shoreline Sav. Ass'n, 116 Wash.2d 477, 485, 805 P.2d 800 (1991) (emotional distress damages available for shock, anger, and upset in action for concealment and deceit by business partner). Emotional distress damages may be recovered in circumstances involving intentional injury to property. See, e.g., Miotke v. City of Spokane, 101 Wash.2d 307, 332, 678 P.2d 803 (1984) (mental suffering an element of damage in public nuisance action); Cherberg v. Peoples Nat'l Bank, 88 Wash.2d 595, 602, 564 P.2d 1137 (1977) (emotional distress damages available for willful breach of lease); Nordgren v. Lawrence, 74 Wash. 305, 133 P. 436 (1913) (damages for mental suffering available in action for wrongful entry by landlord into tenant's premises); McClure v. Campbell, 42 Wash. 252, 84 P. 825 (1906) (damages for mental suffering available in action for wrongful eviction).
[5] We have interpreted RCW 64.12.030 to require "willful" trespass while our cases pertaining allowing emotional distress damages in the property context require an "intentional" interference with a property interest. In this case, Castello and Hayes conceded below that willful and wanton conduct for purposes of RCW 64.12.030 was deemed intentional conduct. Report of Proceedings at 553-53. Moreover, the jury was instructed that emotional distress damages were recoverable only if the defendants engaged in "intentional wrongdoing." Clerk's Papers at 286-87. An intentional interference with a property interest is required before emotional distress damages may be awarded under RCW 64.12.030.