41 P.3d 495 (2002)
110 Wash.App. 394
David C. HILL, a single person, Respondent,
v.
Gale COX, Personal Representative of the Estate of Waltraut Cox, Deceased, Appellant,
v.
James F. Attwood and Billy Attwood, a marital community and Tom Hoffman and Shelly Hoffman, a marital community, Third Party Defendants.
No. 20074-4-III.
Court of Appeals of Washington, Division 3, Panel Two.
February 26, 2002.
*499 Roland L. Skala, Weeks & Skala, Yakima, for Appellant.
David P. Boswell, Spokane, for Respondent. *496 *497
*498 BROWN, A.C.J.
Gale Cox, as personal representative of the Waltraut Cox Estate, entered into a real estate contract with David C. Hill to sell wooded real property including a small cabin and spring. To facilitate the sale, Mr. Cox executed a timber agreement reserving certain logging rights, but none within 100 feet of the cabin. Loggers engaged by Mr. Cox cut 12 trees within the proscribed limit. Mr. Hill sued. During pretrial proceedings in which Mr. Cox participated, Mr. Hill was granted summary judgment on liability and the measure of damage. Before trial, Mr. Cox died. A jury awarded Mr. Hill $47,000. The trial court trebled damages to $141,000 under RCW 64.12.030. The Estate alleged trial court error in (A) not requiring Mr. Hill to elect his remedies earlier, (B) granting summary judgment on liability and the measure of damage, which led to trebling, (C) instructing on damage, (D) commenting on the evidence during jury orientation, (E) failing to dismiss due to lack of participation by Mr. Hill's "silent partners," (F) failing to excuse a juror for cause (abandoned), and (G) failing to order a new trial or reduce the verdict. We affirm, and award attorney fees to Mr. Hill.

FACTS
On June 4, 1996, Mr. Cox, as personal representative for his deceased wife's estate, and Mr. Hill executed a real estate contract. Mr. Hill purchased 20 acres of remote, forested property in Okanogan County, containing a cabin and spring. To facilitate the sale, the parties entered into a timber agreement, permitting Mr. Cox to "selectively log" the property within 5 years from the date of closing but not within 100 feet of the spring or cabin. Clerk's Papers (CP) at 20. The agreement required the property be "`parked out' as much as possible to maintain pleasant and natural surroundings." CP at 20. The parties negotiated using a professional forester's Forest Management Plan recommending the property be commercially thinned.
On July 8, 1996 after executing the real estate contract, Mr. Hill executed what he described as a "silent" partnership agreement *500 with Richard Meyer and Carl R. Page, regarding the purchase and use of the 20 acres. The property was allowed to remain in Mr. Hill's name for "financial administration" and specified the parties desire to pursue their "mutual interest in the Great Outdoors and the many opportunities to enjoy it that are available in this unique and beautiful area." CP at 581-82.
Mr. Cox logged the property during the winter of 1997, engaging the services of two loggers. Mr. Hill was unable to access the property during this time. In May 1997, Mr. Hill found much timber had been cut, including 12 trees within 100 feet of the cabin. Initially, Mr. Hill's counsel sent a demand letter. The Estate's former attorney responded with a letter stating "on behalf of my client, I acknowledge responsibility for any trees being cut within 100 feet of the cabin or spring." CP at 197. For summary judgment, and at trial, the loggers related they were aware of the timber agreement, but Mr. Cox ordered them to cut trees around the cabin. When deposed, Mr. Cox agreed the 12 trees were improperly cut, but denied responsibility. Basically, Mr. Cox blamed the loggers, denying he told them to cut the 12 trees, but acknowledged he directed them to cut more trees around the cabin.
Mr. Hill withheld payments on the real estate contract, so the Estate sent a notice of intent to declare forfeiture. Then, Mr. Hill sued the Estate on multiple theories, sought to enjoin the forfeiture action, and agreed to make the payments to the court registry. The trial court granted the injunctive relief. Later, Mr. Hill successfully requested summary judgment to establish liability, the character of the trees as ornamental, and the corresponding measure of damage, leading to trebling under RCW 64.12.030.
Initially, the Estate unsuccessfully cross-petitioned for summary judgment to compel Mr. Hill to elect between a common law remedy and a statutory remedy and declare whether he was proceeding under RCW 4.24.630 (liability for damage to land and property) or RCW 64.12.030 (damages for injury to or removing trees). Later, the Estate sought dismissal because Mr. Hill's partners, Mr. Meyer and Mr. Page, were not parties. Instead, the trial court joined the partners as involuntary plaintiffs, who were later defaulted. Finally, the Estate brought in the loggers as parties alleging responsibility for the damage; the trial court severed those issues for separate trial, allowing this matter to proceed to trial with liability established and to establish damages.
During voir dire, the Estate's attorney unsuccessfully challenged Juror No. 14, for cause. Counsel later exercised a peremptory challenge and removed the juror.
During trial, the Estate's expert estimated damages at $3,185 for restoring and replacing the 12 trees. Mr. Hill's expert estimated those damages at $121,372.80. The jury awarded Mr. Hill $47,000. The Estate unsuccessfully requested judgment as a matter of law, or, in the alternative, a new trial, or, in the alternative, remittitur. The court then entered judgment, tripling Mr. Hill's damages to $141,000. This appeal followed.

ANALYSIS

A. Timeliness of Electing Between Remedies
The issue is whether the trial court erred in denying the Estate's summary judgment request to compel Mr. Hill to earlier elect his remedies. The Estate argues the court should have compelled Mr. Hill in January 1999 to elect between his statutory and common law remedies, instead of allowing that decision in December 2000.
We review a denial of a summary judgment motion de novo. Hertog v. City of Seattle, 138 Wash.2d 265, 275, 979 P.2d 400 (1999). Summary judgment is proper if, viewing the facts in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c); Hertog, 138 Wash.2d at 275, 979 P.2d 400.
A landowner suffering a timber trespass must elect to pursue either a common law or statutory remedy. Birchler v. Castello Land Co., 133 Wash.2d 106, 112, 942 P.2d 968 (1997). However, Mr. Hill did elect his remedy two months before trial and the *501 Estate points to no resulting prejudice; without authority it merely argues it should have been earlier. Generally, we will not consider assignments of error unsupported by citation of authority. RAP 10.3(a)(5); State v. Farmer, 116 Wash.2d 414, 433, 805 P.2d 200, 13 A.L.R.5th 1070 (1991). Accordingly, the Estate's arguments are unpersuasive.

B. Summary Judgment Issues
Generally, the issue is whether the trial court erred when deciding reasonable minds could not differ regarding the material facts bearing on liability when granting Mr. Hill's request for partial summary judgment on those issues. Specifically, the Estate contests whether as a matter of law the trial court properly concluded (1) the Estate rather than the loggers were liable, (2) the 12 trees were ornamental rather than commercial, triggering a higher measure of damage, and (3) whether trebling of damages was warranted under RCW 64.12.030.
The standard of review remains de novo. Hertog, 138 Wash.2d at 275, 979 P.2d 400. A material fact is one upon which all or part of the outcome of the litigation depends. Ruffer v. St. Frances Cabrini Hosp., 56 Wash.App. 625, 628, 784 P.2d 1288 (1990). The moving party must initially meet the burden of showing no material fact issues remain, with the trial court resolving all reasonable inferences in favor of the nonmoving party. Id. This burden is met when the trial court is convinced reasonable persons could reach but one conclusion or could not differ about the alleged fact. Id. When this burden is met then the burden shifts to the nonmoving party to properly relate specific facts indicating an issue for trial. Id. The nonmoving party's burden is not met by responding with conclusory allegations and/or argumentative assertions regarding the existence of unresolved factual issues. Id.
Preliminarily, we consider the Estate's contention made for the first time after Mr. Hill rested that Mr. Cox owned the trees rather than the Estate, so no trespass by the Estate could occur. The court denied the Estate's request for dismissal, finding "there's no evidence here that Mr. Cox was participating in any way other than as the personal representative of the estate of his deceased wife." RP at 448. We agree with the trial court. Moreover, the Estate proceeded with its evidence after its motion was denied. Once a defendant puts on a case, any challenge to the sufficiency of the evidence before the court at that time is waived. Carle v. McChord Credit Union, 65 Wash. App. 93, 97 n. 3, 827 P.2d 1070 (1992) (citing Goodman v. Bethel Sch. Dist. No. 403, 84 Wash.2d 120, 123, 524 P.2d 918 (1974)). Thus, the Estate waived challenge based upon Mr. Hill's case in chief.
Another preliminary matter is the summary judgment order, which included findings after a recitation of the matters considered before the order. Of course, findings are "superfluous" in summary judgment orders given the de novo nature of review and "will not be considered" on review. Donald v. City of Vancouver, 43 Wash.App. 880, 883, 719 P.2d 966 (1986). However, here the trial court clearly indicated "reasonable minds could not differ upon [these facts] and that no genuine issue of material fact exists [regarding them]." CP at 386. Thus, the findings are merely a more specific listing of the matters considered showing the review standard relating to the alleged material disputed facts bearing on liability and the measure of damage.
The Estate contends the court erred by finding liability because the loggers, not Mr. Cox, cut the trees. As noted, the trial court allowed the loggers to be joined as parties regarding the ultimate responsibility for the damage, but bifurcated those proceedings. Here, no dispute exists (1) the 12 trees were within 100 feet of the cabin, (2) Mr. Cox engaged the loggers to do the cutting, and (3) the loggers did some or all of the critical cutting with acknowledged direction from Mr. Cox. Additionally, while the Estate attempts to retreat from its former attorney's liability acknowledgment, it was additionally a proper factor for the trial court to consider at summary judgment on a reasonable minds could not differ basis. In any event, the Estate's agency arguments may be germane to the loggers in the bifurcated suit, but not to Mr. Hill.
*502 While the loggers testified Mr. Cox ordered them to cut the trees around the cabin, Mr. Cox, when deposed, merely denied telling the loggers to cut the specific trees as a means of shifting responsibility. Merely denying responsibility is not enough to create a genuine issue of material fact. Grimwood v. Univ. of Puget Sound, Inc., 110 Wash.2d 355, 359-60, 753 P.2d 517 (1988) (citing Amer. Linen Supply Co. v. Nursing Home Bldg. Corp., 15 Wash.App. 757, 767, 551 P.2d 1038 (1976)). "`The very object of a motion for summary summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.'" Preston v. Duncan, 55 Wash.2d 678, 684, 349 P.2d 605 (1960) (quoting Judge (later Justice) Cardozo in Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110, 111, 45 A.L.R.1041 (1926)).
The Estate next contends the court erred in deciding the measure of damage based upon finding the 12 trees were ornamental, not commercial, thus implicating replacement and restoration costs rather than stumpage values. The measure of damage to trees under RCW 64.12.030 is generally the stumpage value, unless some other, greater fair market value is proven. Sherrell v. Selfors, 73 Wash.App. 596, 602, 871 P.2d 168, review denied, 125 Wash.2d 1002, 886 P.2d 1134 (1994). For example, lost profits may be recovered for injury to Christmas trees intended to be sold at a market price. Allyn v. Boe, 87 Wash.App. 722, 732, 943 P.2d 364 (1997), review denied, 134 Wash.2d 1020, 958 P.2d 315 (1998). The measure of damage for loss of residential or ornamental trees is restoration or replacement cost. Id.; Birchler, 133 Wash.2d at 111-12, 942 P.2d 968. Trees functioning as a buffer from wind, noise and dust, and providing a visual screen for the residence are considered ornamental. Sherrell, 73 Wash.App. at 603, 871 P.2d 168.
Here, the court decided reasonable minds could not differ that Mr. Hill "purchased the property for recreational purposes and that the trees ... preserved a visual buffer enhancing privacy and aesthetic values." CP at 386. The real estate contract was specifically and unquestionably tailored to accommodate the buffer trees. The Timber Agreement, executed solely to facilitate and promote the finalization of the real estate contract very specifically excluded trees near the cabin and spring.
In sum, our review of the documents and evidence considered by the trial court in its summary judgment order support the conclusion that reasonable minds could not differ regarding the character and purpose of the buffer trees, and leads us to agree with the trial court's summary judgment: "The character of Plaintiff's property was recreational and the trees removed were ornamental and, therefore, the measure of damages is the replacement and restoration costs thereof." CP at 387. Additionally, the Estate calls our attention to the partnership agreement, which amply supports the recreational purpose of the purchase.
Next, we address the trebling contentions. RCW 64.12.030 creates a treble damages remedy for removal of trees. This remedy is available for a willful trespass. Birchler, 133 Wash.2d at 110, 942 P.2d 968. However, if the trespass "was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own" then only single damages are available. RCW 64.12.040.
Once a trespass is established, the burden shifts to the defendant to show it was not willful or reckless, but rather was casual or involuntary, or done with probable cause to believe the land was his own. Seattle-First Nat'l Bank v. Brommers, 89 Wash.2d 190, 197-98, 570 P.2d 1035 (1977). The court decided after trial, "Defendant Cox has failed to bring himself within the mitigation provision of the state timber trespass statute, RCW 64.12.040." CP at 692.
The estate argues the trial court improperly granted summary judgment on the issue of treble damages. We review the trial court's decision as a matter of law under CR 56. Mainly, the Estate asserts material facts remain in dispute. However, it is undisputed that Mr. Cox ordered the loggers to cut more trees even though he was aware of the limits *503 in the Timber Agreement. And, Mr. Cox was acting as an estate representative. The trial evidence supports the absence of material facts. Therefore, the court did not err by deciding at summary judgment that trebling applied.
The Estate next argues the loggers' statements should be excluded under the deadman's statute. The statute's purpose is to prevent interested parties from giving self-serving testimony about past conversations or transactions with a person who is now dead or incompetent. Lasher v. Univ. of Wash., 91 Wash.App. 165, 169, 957 P.2d 229, review denied, 136 Wash.2d 1029, 972 P.2d 464 (1998). Again, the loggers' statements are germane, if at all, in the bifurcated case. Hence, it cannot be said that the loggers are parties "in interest" here as that term is used in RCW 5.60.030.
Further, the Estate took the loggers' depositions before Mr. Cox died. Mr. Cox was deposed and affirmatively responded to the Estate's questions. The Estate vigorously argued Mr. Cox's deposition testimony to the court. Protection of the deadman's statute may be waived by the protected party when the evidence is submitted concerning a transaction with the deceased in connection with a summary judgment motion as well as at trial. Bentzen v. Demmons, 68 Wash.App. 339, 345, 842 P.2d 1015 (1993) (citing In re Estate of Reynolds v. Central Life Assur. Co., 17 Wash.App. 472, 475-76, 563 P.2d 1311 (1977), overruled on other grounds by Aetna Life Ins. Co. v. Wadsworth, 102 Wash.2d 652, 689 P.2d 46 (1984)). And, similar to Bentzen, the summary judgment motion here was part of the trial itself in the sense it limited the trial issues. Bentzen, 68 Wash.App. at 345 n. 3, 842 P.2d 1015. Because, at that point, the loggers' evidence bore on a legal issue for the court to decide, it did not err.

C. Instruction Six
The issue is whether the trial court erred in giving Jury Instruction No. 6 regarding the measure of damage instead of the Estate's proposed instruction.
The refusal to give a requested instruction is reviewed for abuse of discretion, Stiley v. Block, 130 Wash.2d 486, 498, 925 P.2d 194 (1996), and warrants reversal only if a party cannot argue its theory of the case or if the instructions, when read as a whole, are misleading or do not inform the jury of the applicable law. Reninger v. Dep't of Corrections, 79 Wash.App. 623, 639, 901 P.2d 325 (1995). "A trial court is required to instruct the jury on a theory only where there is substantial evidence to support it." Stiley, 130 Wash.2d at 498, 925 P.2d 194. The Estate argues the instruction was incorrect because (1) it implied this was a breach of contract case and (2) it led the jury to believe the minimum damages award should be the value of the land.
Jury Instruction No. 6 provides:
It is the duty of the court to instruct you as to the measure of damages. You must determine the amount of money that will reasonably and fairly compensate plaintiff for the replacement or restoration of the 12 trees that were removed by defendant in violation of the parties' contract.
The plaintiff is entitled to recover the reasonable cost of replacing destroyed trees with identical or substantially similar trees. However, such replacement costs must be reasonable in relation to the damage to the land and the land's value before removal of the trees. Damages are not limited to the fair market value of the land. The fact that the trees were native or indigenous to the area and not deliberately planted is not significant except that it may impact the cost of replacement.
The burden of proving damages rests with the plaintiff and it is for you to determine the amount of damages that has been proved by a preponderance of the evidence. Your award must be based upon evidence and not upon speculation, guess or conjecture.
CP at 687.
The trial court did not err. First, the language that the removal of the 12 trees was in violation of the parties contract was consistent with the trial court's summary judgment rulings. Contrary to the Estate's argument, this language does implicate contract *504 law. It plainly recites settled facts not submitted to the jury for determination.
Second, the instruction specifically states "damages are not limited to the fair market value of the land." CP at 687. We are not convinced this correct statement, if misleading in isolation, necessitates reversal when considering the instruction as a whole. Reninger, 79 Wash.App. at 639, 901 P.2d 325. Therefore, the trial court did not abuse its discretion by submitting Jury Instruction No. 6 to the jury rather than Mr. Cox's proposed instruction.

D. Orientation Instruction
The issue is whether the trial court erred by commenting on the evidence during its introductory statement orienting the venire as a whole.
"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Wash. Const. art. IV, sec. 16. "The purpose of article IV, section 16 is to prevent the jury from being influenced by knowledge conveyed to it by the court as to the court's opinion of the evidence submitted." State v. Elmore, 139 Wash.2d 250, 275, 985 P.2d 289 (1999) (citing State v. Lord, 117 Wash.2d 829, 862, 822 P.2d 177, cert. denied, 506 U.S. 856, 113 S.Ct. 164, 121 L.Ed.2d 112 (1992)). The Estate argues the judge's statement, referencing several findings of fact regarding liability and the measure of damages, constituted a comment on the evidence in violation of the Washington Constitution.
The Estate's argument is without merit. The court's statement had nothing to do with the merits or the credibility of witnesses or its attitude toward the defendant. See State v. Carothers, 84 Wash.2d 256, 267, 525 P.2d 731 (1974) ("To constitute a comment on the evidence, it must appear that the court's attitude toward the merits of the cause are reasonably inferable from the nature or manner of the court's statements.") The statement merely informed the jury of the facts of the case already decided. The judge submitted his statement to counsel before reading it and informed them that it was "intended to be neutral, but it also is intended to inform the jurors of the issues that I've already decided." RP at 37. The statement was "a mere introductory remark by the court for the purpose of stating the nature of the action" and not an improper comment on the evidence. Munson v. Johnson, 80 Wash. 628, 630, 142 P. 18 (1914).
E. Partnership Issues
The next issue is whether the trial court erred by failing to dismiss due to lack of participation by Mr. Hill's partners.
As a preliminary matter, the Estate attached several documents to its reply brief relating to this issue, which are clearly outside the official record. Under RAP 10.3(a)(7), "[a]n appendix may not include materials not contained in the record on review without permission from the appellate court[.]" Since the Estate has not obtained the requisite permission, these documents are not considered.
We review a denial of a motion to dismiss for manifest abuse of discretion. State v. Michielli, 132 Wash.2d 229, 239-40, 937 P.2d 587, 71 A.L.R.5th 705 (1997). A court abuses its discretion when no tenable grounds exist for its decision. Fox v. Mahoney, 106 Wash.App. 226, 230, 22 P.3d 839 (2001) (citing State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971)). The Estate contends the court abused its discretion because it should have allowed the participation of Mr. Hill's partners. The Estate argues the partners would have provided additional evidence regarding the character of the trees.
The Estate requested dismissal based on Mr. Hill's "failure to join his partners in the complaint." CP at 357. The court denied the motion, but joined the partners as involuntary plaintiffs. By joining the partners, the Estate's concern was obviated, making dismissal unnecessary. Thus, tenable grounds existed to deny this request. Assertions of what the other partners would have testified to are wholly speculative.

F. Juror Challenged for Cause
The next issue is whether the trial court abused its discretion in denying a challenge *505 for cause to Juror No. 14. This issue was formally abandoned at oral argument in light of State v. Fire, 145 Wash.2d 152, 34 P.3d 1218, 1225 (2001) (even if a juror should have been excused for cause, once a peremptory challenge is exercised, some showing that a biased juror actually sat on the case is required).

G. Post-Trial Motions
The issue is whether the trial court erred by declining to reduce the verdict or order a new trial.
A motion to reduce a verdict on the ground it is excessive is addressed to the sound discretion of the trial court, and its judgment will not be disturbed on appeal absent abuse of that discretion. Lujan v. Santoya, 41 Wash.2d 499, 501, 250 P.2d 543 (1952). The jury is given considerable latitude in making its determination when the subject matter is difficult of proof and cannot be fixed with mathematical certainty. Adams v. State, 71 Wash.2d 414, 432, 429 P.2d 109 (1967). Whether substantial justice was done depends in large degree upon whether the verdict was so excessive or inadequate as to indicate unmistaken passion and prejudice. James v. Robeck, 79 Wash.2d 864, 868, 490 P.2d 878 (1971). The court "may not substitute its judgment for that of the jury on the amount of damages, unless no substantial evidence supports it." Green v. McAllister, 103 Wash.App. 452, 462, 14 P.3d 795 (2000) (citing RCW 4.76.030; Cox v. Charles Wright Acad., Inc., 70 Wash.2d 173, 176-77, 422 P.2d 515 (1967)). The damages award was within the range of evidence and does not indicate passion and prejudice. The trial court did not abuse its discretion.

H. Attorney Fees
Mr. Hill requests attorney fees on appeal under RCW 61.30.130(2) and under the terms of the parties' contract. Regarding attorney fees below, we will not consider an issue raised for the first time on appeal. Washburn v. Beatt Equip. Co., 120 Wash.2d 246, 289, 840 P.2d 860 (1992). Regarding fees for this appeal, RCW 61.30.130(2) provides: "In actions under RCW 61.30.110 and 61.30.120, the court may award reasonable attorneys' fees and costs of the action to the prevailing party, except for such fees and costs incurred by a person requesting a public sale of the property." But, we do not view this case coming within the forfeiture statutes.
However, the parties' contract states: "In the event either party hereto institutes, defends, or is involved with any action to enforce the provisions of this contract, the prevailing party in such action shall be entitled to reimbursement by the losing party for its court costs and reasonable attorneys' costs and fees...." CP at 17. Mr. Hill elected to proceed on a statutory tort claim, not an enforcement of contract claim. Even still, if a tort action is based on a contract central to the dispute including an attorney fee provision, the prevailing party may receive attorney fees. Brown v. Johnson, 109 Wash.App. 56, 34 P.3d 1233, 1234 (2001) (citing Edmonds v. John L. Scott Real Estate, Inc., 87 Wash.App. 834, 855, 942 P.2d 1072 (1997)). "An action is `on the contract' if a) the action arose out of the contract; and b) if the contract is central to the dispute." Brown, 34 P.3d at 1234 (quoting Edmonds, 87 Wash.App. at 855, 942 P.2d 1072). Here, there would not have been a timber trespass if the parties had not contracted that the trees within 100 feet of the cabin were not to be cut. Hence, Mr. Hill's action arose out of the contract and the contract was central to the dispute. Therefore, Mr. Hill, as the prevailing party, is entitled to attorney fees for this appeal.

CONCLUSION
The trial court did not err in the ways asserted by the Estate. Mr. Hill is entitled to attorney fees for this appeal.
Affirmed.
SCHULTHEIS and KATO, JJ., concur.