**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARICRIS C. RODRIGUES-LABABIT; MICHAEL J. LABABIT,<br><br>Debtors,<br><br>_____<br><br>ROBERT ZAUPER,<br><br>Appellant,<br><br>v.<br><br>MARICRIS C. RODRIGUES-LABABIT; MICHAEL J. LABABIT,<br><br>Appellees. | No. 10-60019<br><br>BAP Nos. WW-09-1020 & WW-09-1030<br><br><br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Riegle, and Montali, Bankruptcy Judges, Presiding

Argued and Submitted February 9, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert Zauper appeals the Bankruptcy Appellate Panel (BAP)'s decision holding that his Washington default judgment against Michael Lababit and Maricris Rodrigues-Lababit was not entitled to preclusive effect in the Lababits' bankruptcy proceedings, affirming the bankruptcy court's denial of emotional distress damages, and reversing and remanding for recalculation of compensatory damages.

We have jurisdiction over this interlocutory bankruptcy appeal because the question at issue is legal in nature, and a resolution favorable to Zauper would obviate the need for further fact finding in the bankruptcy court. *See* 28 U.S.C. § 158; *Bonner Mall P'ship v. U.S. Bancorp Mortg. Co. (In re Bonner Mall P'ship)*, 2 F.3d 899, 904 (9th Cir. 1993).

The state court's default judgment did not have a claim preclusive effect because Zauper's claims in state court (based on negligence, strict liability, nuisance, and gross negligence) were not the same as his claims in the bankruptcy court (based on willful and malicious conduct). The bankruptcy court was therefore free to modify the damages award. *See Hardacre v. DiNoto (In re Dinoto)*, 46 B.R. 489, 491–92 (B.A.P. 9th Cir. 1984).

Nor did the default judgment have an issue preclusive effect. We agree with the BAP's well-reasoned conclusion that the Washington Supreme Court would

2

likely hold, consistent with the Restatement (Second) of Judgments, that under Washington law an issue is not "actually litigated" by a default judgment, *Stephens v. Bigelow (In re Bigelow)*, 271 B.R. 178, 184 (B.A.P. 9th Cir. 2001). We therefore decline to certify this issue to the Washington Supreme Court. Although the debtors here did not bring a motion to vacate the default judgment, no Washington case has held that we must therefore give the default judgment issue preclusive effect. Nor is *FDIC v. Daily (In re Daily)*, 47 F.3d 365 (9th Cir. 1995), applicable, because here the debtors never actively participated in the proceedings leading to a default judgment, and the court did not enter a default judgment as a sanction for discovery abuse. *See id.* at 368–69.

In considering Zauper's claim for emotional distress damages, the bankruptcy court referenced only the tort of intentional infliction of emotional distress, which requires a plaintiff to prove "severe" emotional distress. *See Nord v. Shoreline Sav. Ass'n*, 805 P.2d 800, 803–04 (Wash. 1991). Zauper, however, also argued that he was entitled to emotional distress damages under a lower standard of proof associated with claims for malicious injury to a pet, *see Womack v. von Rardon*, 135 P. 3d 542, 546 (Wash. Ct. App. 2006), and conversion, *see Birchler v. Castello Land Co.*, 942 P.2d 968, 973 (Wash. 1997). Accordingly, we

remand this issue to the bankruptcy court to reconsider Zauper's emotional distress claim under the correct standard.

Finally, we see no reason to disturb the BAP's decision not to publish its decision in this case.

The parties shall bear their own costs on appeal.

**AFFIRMED in part and VACATED and REMANDED in part**.