[No. 65149-3. En Banc.]
Argued January 27, 1998.     Decided March 26, 1998.

WHITE RIVER ESTATES, *Petitioner*, v. KAREN HILTBRUNER, *Respondent*, CERRITOS INVESTMENT CORPORATION, ET AL., *Petitioners*.

*Short, Cressman & Burgess*, by *James A. Oliver* and *Walter H. Olsen, Jr.*, for petitioners.

*Cutler & Nylander*, by *Robert G. Nylander, Jr.*; and *Joseph J. Ganz*, for respondent.

MADSEN, J. — White River Estates, a mobile home park, seeks reversal of a published Court of Appeals' decision affirming the trial court's entry of judgment in favor of Karen Hiltbruner in her action for damages based on the Park's violation of RCW 59.20.073 of the Mobile Home Landlord-Tenant Act (MHLTA). White River argues that the trial court erred by allowing the jury to award damages for emotional distress based on the Park's violation of RCW 59.20.073. We agree and remand to the trial court for entry of a proper damages award.

## FACTS

In 1988, Karen Hiltbruner sold her mobile home, located in White River Estates, to Deborah and Bret Brunelle. The contract allowed Hiltbruner to retain ownership and title until the purchase price was paid in full. The Brunelles signed White River's standard form rental agreement, which set monthly space rent and provided that assignment of the lease was conditioned upon White River's approval of the assignee. In early 1990, the Brunelles defaulted on the rental agreement with White River. When White River was unable to recover outstanding rent and penalties from the Brunelles, it sought the amount from Hiltbruner as a secured party on the sale. Hiltbruner disputed the amount and refused to pay. Meanwhile, the Brunelles moved out of the mobile home, leaving it badly damaged, and defaulted on their payments to Hiltbruner.

In May of 1992, White River began a collection suit against Hiltbruner, and initiated an unlawful detainer action against her a few months later.

After making repairs to the property, Hiltbruner attempted to sell the mobile home, and approved several offers of purchase. When the potential buyers applied to White River for approval to rent the space they were rejected without explanation. Consequently, Hiltbruner filed cross-claims against White River for tortious interference and intentional and negligent infliction of emotional distress, and for violation of the MHLTA, the Consumer Protection Act (CPA), and civil rights statutes. She alleged that she suffered actual damages as well as stress in her family relationships, sleeplessness, and irritability as a result of the unlawful detainer action and White River's refusal to approve her potential buyers.

In November of 1992, the parties entered into a settlement agreement resolving the collection of back rent owed to the Park. Pursuant to the settlement agreement, the Park agreed to dismiss with prejudice its claims in the unlawful detainer action.

At the close of Hiltbruner's presentation of evidence, the Park moved to dismiss the MHLTA, CPA, and intentional infliction of emotional distress claims. The trial court denied the motion with regard to Hiltbruner's actions under the MHLTA and the CPA, but granted the motion to dismiss the intentional infliction of emotional distress claim. Hiltbruner voluntarily dismissed the remainder of her claims except for her causes of action for violation of the MHLTA and the CPA, which went to the jury.

The court's instruction to the jury pertaining to Hiltbruner's MHLTA claim stated that "[a]ny rental agreement shall be assignable by the tenant to any person to whom he sells or transfers title to the mobile home . . . . Consent to an assignment shall not be unreasonably withheld." CP at 483. Hiltbruner sought $17,800 in compensatory damages as a result of the Park's alleged violation of the MHLTA and the CPA. Over White River's objection,

the jury was also instructed to include "emotional pain and suffering experienced and with reasonable probability to be experienced in the future" in calculating damages for Hiltbruner's MHLTA and CPA[1] claims. CP at 491. The jury rejected Hiltbruner's CPA claim but found that the Park violated the MHLTA by unreasonably withholding consent to Hiltbruner's assignment and awarded her $35,000 in damages. The Court of Appeals affirmed the judgment concluding that damages for emotional distress are available for a violation of RCW 59.20.073 of the MHLTA. This court granted White River's petition for review.

## DISCUSSION

The jury in this case found that White River "unreasonably withheld" consent for assignment of Hiltbruner's rental agreement in violation RCW 59.20.073[2] and awarded Hiltbruner compensatory damages of $17,800 as well as damages for emotional distress suffered as a result of this violation.[3] The issue presented here is whether emotional distress damages are an available remedy for violation of RCW 59.20.073.

Whether emotional distress damages are available following a statutory violation will depend on the language of the particular statute at issue. RCW 59.20.073, and the MHLTA, in general, neither authorize nor prohibit damages for emotional distress. White River argues, however,

---

[1]Although Hiltbruner's Consumer Protection Act (CPA) claim is no longer at issue, we note that emotional distress damages are not available for a violation of the CPA. *See Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 318, 858 P.2d 1054 (1993) (damages for mental pain and suffering are not recoverable for a violation of the CPA because the statute, by its terms, allows recovery only for harm to "business or property"); *Stevens v. Hyde Athletic Indus., Inc.*, 54 Wn. App. 366, 370, 773 P.2d 871 (1989) (same); *Keyes v. Bollinger*, 31 Wn. App. 286, 296, 640 P.2d 1077 (1982) (same).

[2]The act provides, in relevant part: "The landlord shall approve or disapprove of the assignment of a rental agreement on the same basis that the landlord approves or disapproves of any new tenant, and any disapproval shall be in writing. Consent to an assignment shall not be unreasonably withheld." RCW 59.20.073(4).

[3]The parties agree that money awarded in excess of $17,800 (the amount Hiltbruner sought for compensatory damages) was an award for emotional suffering.

that the statute clearly provides damages for "costs of repairs," RCW 59.20.210, and "diminution in rental value." RCW 59.20.220. Further, White River notes that this court has held in similar contexts that statutory language specifically providing for economic damages demonstrates a legislative unwillingness to award emotional distress damages. *See Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 317-18, 858 P.2d 1054 (1993) (emotional distress damages not available under the CPA because the statute, by its terms, makes no mention of damages other than with respect to harm to "business or property"); *Stevens v. Hyde Athletic Indus., Inc.*, 54 Wn. App. 366, 370, 773 P.2d 871 (1989) (same); *Keyes v. Bollinger*, 31 Wn. App. 286, 296, 640 P.2d 1077 (1982) (same).

The damages provisions cited by the Park refer to a tenant's ability to recover damages for the costs of repair and any diminution of the property's rental value when a landlord fails to carry out repair duties as required by law. *See* RCW 59.20.210, .220. These remedies are confined to a violation of RCW 59.20.210 and .220 and are inapplicable to other provisions of the MHLTA including RCW 59.20.073. Consequently, we find the statute is silent regarding damages for violation of the assignment provision at issue here and, thus, distinguishable from the cases upon which White River relies.

White River also argues that emotional distress damages may be a remedy for a statutory violation but only if the violation sounds in intentional tort. We agree. In the absence of a clear mandate from the Legislature, Washington courts have "liberally" construed damages for emotional distress for causes of action, including those based on statutory violations, if the wrong committed is in the nature of an intentional tort. *Birchler v. Castello Land Co.*, 133 Wn.2d 106, 116, 942 P.2d 968 (1997) (emotional distress damages available for "willful" violation of timber trespass statute); *see also Physicians Ins. Exch.*, 122 Wn.2d at 321 (emotional distress damages not available where the

statutory violation requires only proof of negligent, as opposed to intentional, conduct); *Cagle v. Burns and Roe, Inc.*, 106 Wn.2d 911, 726 P.2d 434 (1986) (wrongful termination of employment in violation of public policy is intentional tort and therefore damages for emotional distress were allowed); *Odom v. Williams*, 74 Wn.2d 714, 446 P.2d 335 (1968) (emotional distress damages for violation of malicious prosecution statute). Thus, the inquiry in this case is whether a violation of RCW 59.20.073, which prohibits a mobile home park owner from "unreasonably" denying consent for a tenant to assign his or her property, sounds in intentional tort.

Our most recent case allowing emotional distress damages for violation of a statute was our decision in *Birchler.* *Birchler* involved a violation of RCW 64.12.030, which creates a punitive damage remedy, trebling damages for injury to, or removal of trees, timber, or shrubs, when the injury results from a person trespassing on the land of another. *Birchler*, 133 Wn.2d at 108-10. This court has found that a person violates RCW 64.12.030 and is subject to treble damages only when his or her actions are "willful." *Id.* at 110, 117 n.5. The court noted that "if the trespass is 'casual or involuntary' or based on a mistaken belief of ownership of the land, treble damages are not available." *Id.* at 110. Although a violation of RCW 64.12.030 entitles the aggrieved party to treble damages, that provision, and the timber trespass statute, in general, is silent regarding the availability of emotional distress damages.

While the statute in *Birchler* did not expressly address the availability of emotional distress damages, the court explained that a wide variety of Washington cases permit damages for emotional distress upon proof of an intentional tort. *Id.* at 116 (citations omitted). The court then looked to the statute and found that a violation of RCW 64.12.030 requires proof that a person has "willfully" trespassed and damaged the property of another person. *Id.* at 117 n.5. These actions, the court found, amounted to an intentional interference with another's property interests and thus

determined that emotional distress damages were available for a violation of RCW 64.12.030. *Id.* at 116-17.

Consistent with the rule that damages for emotional suffering are available only upon proof on an intentional tort, this court has declined to allow emotional distress damages where the statutory violation requires only proof of negligent, as opposed to intentional, conduct. *See Physicians Ins. Exch.*, 122 Wn.2d at 321. In *Physicians Ins. Exch.*, this court declined to award emotional distress damages for a violation of the products liability act because the level of fault involved "may be considerably less than that in an intentional tort claim." *Id.* The court emphasized that "[i]n a product liability claim, liability can be predicated on negligence or even on strict liability." *Id.* Therefore, the court concluded that emotional distress damages were not recoverable. *Id.*

Unlike the statute involved in *Birchler*, RCW 59.20.073 does not require "willful" or "intentional" conduct, nor has any court interpreted RCW 59.20.073 to require such conduct. The statute requires proof only that the landlord acted "unreasonably" when denying consent to a tenant's assignment. RCW 59.20.073.

The Court of Appeals in this case correctly recognized that emotional distress damages are available upon proof of an intentional tort. Rather than inquiring into the level of fault required for a violation of RCW 59.20.073, however, the Court of Appeals focused on the facts presented by defendant's conduct. With that focus, the court found that a violation of RCW 59.20.073 is akin to tortious interference with a business expectancy and, therefore, emotional distress damages were available.

Although the Court of Appeals aligns this statutory violation with a claim for tortious interference, in a tortious interference action a plaintiff must show that the defendant "intentionally" interfered with the plaintiff's valid business expectancy. *See Cherberg v. Peoples Nat'l Bank*, 88 Wn.2d 595, 602, 564 P.2d 1137 (1977). Yet, no "intentional" conduct is required to violate RCW 59.20.073. Without an

intent requirement this statutory violation cannot be "akin" to an intentional tort. When a person acts "unreasonably" in light of the circumstances such action is similar to negligence, not an intentional tort. *See Ernst Home Ctr., Inc. v. Sato*, 80 Wn. App. 473, 484, 910 P.2d 486 (1996) (to determine whether a landlord unreasonably withheld consent to an assignment the jury must decide whether a reasonably prudent person in the landlord's position would have withheld consent to the assignment).

The particular facts in this case may indicate intentional conduct on the part of the Park, but that is not the inquiry. Hiltbruner cannot now bootstrap damages recoverable in a tortious interference claim, which she voluntarily dismissed, into this statutory violation, which requires only "unreasonable" conduct, simply because the facts of the case may indicate intentional conduct. The focus is not on the particular facts of the case but whether the statutory violation requires proof of an intentional tort.

In conclusion, we find that emotional distress damages are not recoverable for a violation of RCW 59.20.073 because that statute may be violated by conduct not amounting to an intentional tort. We reverse the Court of Appeals on this issue and remand to the trial court for a reduction in damages pursuant to RCW 4.76.030.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, ALEXANDER, and SANDERS, JJ., concur.