Brenda SMITH, Plaintiff–Appellee–
Cross–Appellant,

v.

THE BERRY CO., et al., Defendants,

L.M. Berry and Company, Defendant–
Appellant–Cross–Appellee.

No. 97–30795.

United States Court of Appeals,
Fifth Circuit.

April 28, 1999.

William Martin McGoey (argued), Evans & Clesi, New Orleans, LA, for Smith.

H. Mark Adams (argued), Virginia W. Gundlach, Pauline F. Hardin, Mary Ellen Jordan, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for L.M. Berry and Co.

*ON PETITIONS FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC*

(Opinion February 1, 1999, 5th Cir.1999, 165 F.3d 390)

Before REAVLEY, DAVIS and DUHÉ, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

On Petition for Panel Rehearing, Plaintiff–Appellee–Cross–Appellant Brenda Smith asks us to reinstate her award of damages for mental pain and suffering. She contends that although such an award is not available under federal age discrimination law, Louisiana law permits her recovery. After considerable reflection, we deny Smith's petition. We also grant in part Smith's Petition for Attorney's Fees on Appeal and deny Berry's Petition for Panel Rehearing.

In our earlier opinion, 165 F.3d 390, we found insufficient evidence to support the jury's finding of sex discrimination against Smith. However, we upheld the jury's finding of age discrimination. Because the Age Discrimination in Employment Act ("ADEA")—the federal statute on which Smith's age recovery was predicated—does not provide for damages for mental pain and suffering, we vacated that aspect of her award.

On Petition for Panel Rehearing, Smith contends that her mental pain and suffering award should have been upheld because of her Louisiana law claims under La.R.S. §§ 51:2242 and 51:2264 (West 1985 & Supp.1991). In order to evaluate the merits of Smith's argument, we review the history of Louisiana age discrimination law.

In 1978, Louisiana enacted the Louisiana Age Discrimination in Employment Act ("LADEA"). La.R.S. § 23:971–75 (West 1985). The LADEA provided for the same remedies as the ADEA—"legal or equitable relief." La.R.S. § 23:973. As such, the LADEA did not provide for damages for mental pain and suffering. *See, e.g., Dean v. American Security Ins. Co.,* 559 F.2d 1036, 1038 (5th Cir.1977).

In 1988, Louisiana passed a new antidiscrimination statute, the primary purpose of which was to set up the Louisiana Commission on Human Rights. 1988 La.Sess.Law Serv. 886 (H.B. 481) (West) ("1988 Statute"), codified at La.R.S. §§ 51:2231–65 (West Supp.1990). This statute was much more general than the LADEA and applied to "race, creed, color, religion, sex, *age,* or national origin." La. R.S. § 51:2242(a)(1) (West Supp.1990) (emphasis added). In contrast with the LADEA, the 1988 Statute permitted a successful claimant "to recover actual damages." La.R.S. § 51:2264 (West Supp. 1990). Under Louisiana law, "actual damages" includes damages for mental pain and suffering. *Lejeune v. Rayne Branch Hosp.,* 556 So.2d 559, 563 (La.1990). Thus, the remedies available under the more general 1988 Statute conflict with the remedies available under the more specific LADEA.[1]

---

**1.** The 1988 Statute created a considerable amount of confusion in general, not just on

In Louisiana, as in most jurisdictions, when two statutes conflict, the more specific statute prevails over the more general statute. *See, e.g., Kennedy v. Kennedy*, 699 So.2d 351, 357 (La.1996) (Knoll J., on rehearing); *State ex rel. Bickman v. Dees*, 367 So.2d 283, 291 (La.1978). At first glance then, the LADEA would appear to be the applicable statute.

Louisiana case law further supports this conclusion. Although we have found no state court decision directly on point, since the creation of this conflict in 1988, Louisiana courts have referred almost exclusively to the older LADEA, not the newer 1988 Statute, when reviewing claims for age discrimination. *See, e.g., Greer v. Dresser Industries, Inc.*, 715 So.2d 1235, 1237–38 (La.Ct.App.1998); *Brunett v. Dept. of Wildlife & Fisheries*, 685 So.2d 618, 619–21 (La.Ct.App.1996); *Taylor v. Oakbourne Country Club*, 663 So.2d 379, 383–84 (La.Ct.App.1995).[2] Indeed, we could find no case discussing an age discrimination claim under the 1988 Statute alone or discussing what the remedies would be under that statute for such a claim. These cases indicate to us that from 1988 through 1997, the LADEA continued to provide the remedies available for an age discrimination claim made under Louisiana law.

Our conclusion is reinforced by the recent actions of the Louisiana legislature. In 1997, the Louisiana legislature resolved the conflict and clearly set forth the damages available under an age discrimination claim—back pay, benefits, reinstatement, reasonable attorney fees, and court costs. 1997 La.Sess.Law Serv. Act 1409 (H.B. 1453) (West) ("1997 Statute"), codified in relevant part at La.R.S. § 23:313 (West 1998).[3]

For these reasons, we conclude that, from 1988 through 1997, damages for mental pain and suffering were not available to an age discrimination claimant under Louisiana law. Therefore, we decline to reinstate Smith's award for such damages and deny her Petition for Panel Rehearing. We also deny Berry's Petition for Panel Rehearing.

No judge in regular active service having requested that the Court be polled on rehearing en banc, the Suggestion for Rehearing En Banc is denied.

We also have before us Smith's Motion for Attorney's Fees on Appeal. Although Smith is a prevailing party, she prevailed only partially on appeal. We conclude that an award of $7,500 in attorney's fees to Smith's counsel is appropriate. The motion for remand for a determination of attorney's fees is also denied.

---

the specific issue addressed here. *See generally* Comment, *Louisiana's Fair Employment Statutes: A Cry for Clarity Amid Expansive Federal Civil Rights Protection*, 37 Loy.L.Rev. 313 (1991) (providing a useful history of anti-discrimination law within Louisiana).

**2.** It is out of our deference to these Louisiana cases that we here take a different approach than we took when previously addressing the interrelationship between the LADEA and the 1988 Statute. *See Deloach v. Delchamps, Inc.*, 897 F.2d 815, 825 (5th Cir.1990) (1988 Statute provided new substantive rights, including the right to recover actual damages). As we discuss in the text, we have not found any case in which Louisiana courts have treated the 1988 Statute as providing a great-er array of potential damages for age discrimination claimants. Indeed, without specifically addressing the issue, the Louisiana cases indicate just the opposite.

**3.** The 1997 Statute became effective as of August 1, 1997, subsequent to the filing of this suit. Thus, it does not apply to this suit unless we determine that it is an interpretive statute, in which case it is applicable retroactively. *See* La.Civ.C.Art 6; *Revere v. Canulette*, 715 So.2d 47, 56–57 (La.Ct.App.1998) (Interpretive laws are "deemed to relate back to the time that the law was originally enacted."). Because of our conclusions above, it is not necessary for us to determine whether the 1997 Statute is in fact an interpretive statute and therefore applicable retroactively.