IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOSE SEGURA and TABETHA GONZALEZ, | ) | No. 31118-0-III |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| ROGACIANO and RAQUEL CABRERA, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J.—Tenants Jose Segura and Tabetha Gonzalez appeal the trial court's summary judgment decision not to award them emotional distress damages as part of their RCW 59.18.085(3) relocation assistance claim against landlords Rogaciano and Raquel Cabrera. The tenants contend the trial court erred in concluding emotional distress damages are not recoverable as actual damages under RCW 59.18.085(3). We hold the trial court did not err, and affirm.

FACTS

In 2007, the Cabreras purchased a Pasco house to use as a residential rental. Although the city licensed them to rent the house solely as a single dwelling, they later

converted the basement into a second unit. On July 3, 2011, the Cabreras leased the downstairs unit to Mr. Segura and Ms. Gonzalez. Five days later, the city's code enforcers inspected the house and found the downstairs unit uninhabitable and unpermitted. The code enforcers partly ordered the tenants to vacate the basement unit in 20 days and limited use of the property to a single family dwelling.

On July 14, 2011, the tenants delivered a written demand for monetary relocation assistance under RCW 59.18.085(3) to the landlords, who later claimed they misunderstood the demand and had been advised to ignore it. Five days later, the landlords notified the tenants to vacate the premises by August 7, 2011. The tenants asserted the landlords twice interfered with their use of the premises before the move-out deadline and after the relocation assistance demand. First, the landlords attempted to have the tenants' car towed from the premises. Second, the landlords entered the premises without notice and changed the locks before the tenants moved out. The tenants believe the landlords took some of their personal property.

The tenants sued the landlords, partly claiming relocation assistance. The landlords denied liability. About a year later, the tenants moved for summary judgment on their relocation assistance claim. Their requested damages totaled $4,550, including $2,000 in relocation assistance, $600 in prepaid rent, $600 in rent deposit, $150 in electricity deposit, $200 in fuel, and $1,200 "for the anxiety, worry, inconvenience, and upheaval inflicted upon the plaintiffs and their children." Clerk's Papers (CP) at 64.

The court granted summary judgment to the tenants for all their requested damages except emotional distress damages, concluding they were not recoverable as

2

actual damages under RCW 59.18.085(3). On reconsideration, the court clarified, "The relationship of the parties arises from a contract to lease real property. The misconduct on the part of the landlord was intentional but it is not an intentional tort. The damages are limited to those identified in the statute RCW 59.18.085(3)." CP at 12. The tenants appeal the trial court's refusal to award them emotional distress damages.

## ANALYSIS

The issue is whether the trial court erred in concluding emotional distress damages are not recoverable as actual damages under RCW 59.18.085(3).

We interpret a statute de novo. *Multicare Med. Ctr. v. Dep't of Soc. & Health Servs.*, 114 Wn.2d 572, 582 n.15, 790 P.2d 124 (1990). In doing so, we "discern and implement" our legislature's intent. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003); *see State ex rel. Great N. Ry. v. R.R. Comm'n of Wash.*, 52 Wash. 33, 36, 100 P. 184 (1909). If our legislature's intent is apparent from a statute's plain language, we do not construe it otherwise. *J.P.*, 149 Wn.2d at 450; *Walker v. City of Spokane*, 62 Wash. 312, 318, 113 P. 775 (1911). If a statute is ambiguous, we may consider its legislative history. *J.P.*, 149 Wn.2d at 450; *Shelton Hotel Co. v. Bates*, 4 Wn.2d 498, 507-08, 104 P.2d 478 (1940). A statute's meaning is ambiguous "if it is subject to two or more reasonable interpretations." *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993). A statute's meaning is not ambiguous "merely because different interpretations are conceivable." *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999).

Whether a plaintiff may recover emotional distress damages for a defendant's statutory violation "depend[s] on the language of the particular statute at issue." *White River Estates v. Hiltbruner*, 134 Wn.2d 761, 765, 953 P.2d 796 (1998). RCW 59.18.085 provides,

> (3)(a) If a governmental agency responsible for the enforcement of a building, housing, or other appropriate code has notified the landlord that a dwelling will be condemned or will be unlawful to occupy due to the existence of conditions that violate applicable codes, statutes, ordinances, or regulations, a landlord, *who knew or should have known* of the existence of these conditions, shall be required to pay relocation assistance to the displaced tenants . . . .
>
> . . . .
>
> (e) Displaced tenants shall be entitled to recover any relocation assistance, prepaid deposits, and prepaid rent required by (b) of this subsection. In addition, displaced tenants shall be entitled to recover any *actual damages* sustained by them as a result of the condemnation, eviction, or displacement that exceed the amount of relocation assistance that is payable.

(Emphasis added.)

The tenants contend they may recover emotional distress damages because subsection (3)(e)'s "actual damages" language includes emotional distress damages and subsection (3)(a)'s "knew or should have known" language sounds in intentional tort, for which emotional distress damages are recoverable. The Residential Landlord-Tenant Act, chapter 59.18 RCW, does not define the words "actual damages." These words are ambiguous because they could reasonably include or exclude emotional distress damages where, as here, any damages under RCW 59.18.085(3) arise primarily from a contract to lease residential real property. The legislative history of subsection (3)(e) does not indicate the intended scope of these words. Absent some

4

clear direction from our legislature, emotional distress damages are recoverable solely if subsection (3)(a) sounds in intentional tort. *See White River Estates*, 134 Wn.2d at 766.

The phrase "knew or should have known" generally imposes a recklessness standard. *E.g., Bilden v. United Equitable Ins. Co.*, 921 F.2d 822, 829 n.7 (8th Cir. 1990) (citing RESTATEMENT (SECOND) OF TORTS § 500 cmts. f-g (1965)); *see* RESTATEMENT (SECOND) OF TORTS § 500 ("The actor's conduct is in *reckless disregard* of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, *knowing or having reason to know* of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." (Emphasis added.)).

Washington courts often describe recklessness as wanton misconduct, distinguishable from willful misconduct. *Adkisson v. City of Seattle*, 42 Wn.2d 676, 684-87, 258 P.2d 461 (1953); *Jenkins v. Snohomish County Pub. Util. Dist. No. 1*, 105 Wn.2d 99, 106, 713 P.2d 79 (1986); *Johnson v. Schafer*, 110 Wn.2d 546, 549-50, 756 P.2d 134 (1988); *Zellmer v. Zellmer*, 164 Wn.2d 147, 155 n.2, 188 P.3d 497 (2008); *Mendenhall v. Siegel*, 1 Wn. App. 263, 266-67, 462 P.2d 245 (1969); *Livingston v. City of Everett*, 50 Wn. App. 655, 660, 751 P.2d 1199 (1988); *see* RESTATEMENT (SECOND) OF TORTS § 500 special note. Wanton misconduct is

> the intentional doing of an act, or intentional failure to do an act, in *reckless disregard* of the consequences, and under such surrounding circumstances and conditions that a reasonable man would *know, or have*

5

> *reason to know*, that such conduct would, in a high degree of probability, result in substantial harm to another.

*Adkisson*, 42 Wn.2d at 687 (emphasis added); *see* 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 14.01 & cmt., at 177-78 (6th ed. 2012). These authorities clarify subsection (3)(a)'s "knew or should have known" language does not sound in intentional tort.[1] Consequently, subsection (3)(e)'s "actual damages" language does not include emotional distress damages.

This division previously interpreted the "actual damages" provided under the Washington law against discrimination, RCW 49.60.030(2), as including emotional distress damages. *Ellingson v. Spokane Mortg. Co.*, 19 Wn. App. 48, 56-58, 573 P.2d 389 (1978). The court reasoned the words "actual damages" convey their ordinary common law meaning, since our legislature expressed no intent for them to convey a different statutory meaning. *Id.* at 56-57. Because "actual damages" do not ordinarily exclude emotional distress damages compensating real injury,[2] the court held the plaintiff could recover them under a liberal construction effectuating the statute's purpose. *Id.* at 57-58.

But here, interpreting the "actual damages" provided in RCW 59.18.085(3)(e) as including emotional distress damages would be incongruent with the statute's purpose.

---

[1] While some of these authorities use the words "intentional" and "intentionally" in describing wrongdoings, they still impose a recklessness standard regarding injuries. A tort is not truly intentional unless the defendant intends both a wrongdoing and some injury to the plaintiff. *See* RESTATEMENT (SECOND) OF TORTS §§ 8A & cmts. a-b, 500 & cmt. f.

[2] "Actual damages" are "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." BLACK'S LAW DICTIONARY

The statute exists primarily to provide monetary relocation assistance. LAWS OF 2005, ch. 364, § 1 ("The purpose of this act is to establish a process by which displaced tenants would receive *funds for relocation* from landlords who fail to provide safe and sanitary housing after due notice of building code or health code violations." (Emphasis added.)). These funds are not compensatory but an approximation of what a typical displaced tenant likely needs from a landlord to rent another residence: the greater of $2,000 or three months' rent (ostensibly enough for the first and last months of a lease term), plus return of any prepaid deposit or rent. *See* RCW 59.18.085(3)(b). While subsection (3)(e) additionally provides "actual damages" exceeding these funds, we must interpret those words in light of the conduct subsection (3)(a) prohibits.

Because a landlord may violate subsection (3)(a) by conduct not amounting to an intentional tort, a displaced tenant may not recover emotional distress damages under subsection (3)(e). Considering the language of RCW 59.18.085(3)(e), "actual damages" that "exceed the amount of relocation assistance that is payable" implies out of pocket or financial damages incurred by relocation. While we do not so hold, wages lost during relocation, fuel costs, and equipment rental costs might be examples. This interpretation better suits the statute's purpose, which suggests the "actual damages" provided in RCW 59.18.085(3)(e) are limited to reasonable moving expenses. While relocation can be notoriously frustrating, moving expenses do not include emotional distress damages. Therefore, we hold a displaced tenant may not recover emotional distress damages for a landlord's violation of RCW 59.18.085(3). Accordingly, the trial

---

445 (9th ed. 2009).

7

No. 31118-0-III
*Segura v. Cabrera*

court did not err.  It follows that we deny the tenants' attorney fee request because they have not prevailed here.

Affirmed.

Brown, J.

I CONCUR:

Korsmo, C.J.

No. 31118-0-III

FEARING, J. (dissenting) — When construing the phrase "actual damages" in RCW 59.18.085, the majority follows judicial presumption rather than the intent of the legislature. In my view, the majority thus shirks a court's responsibility to apply the law rather than create it. Therefore, I dissent.

On appeal, appellants Jose Segura and Tabetha Gonzalez contend that the trial court erred when it ruled that damages for emotional distress are not recoverable as "any actual damages" under RCW 59.18.085, the relocation assistance statute. The majority disagrees and affirms the trial court. I would hold that emotional distress damages are recoverable, based on the intent of the legislature when it drafted the statute as discerned by traditional principles of statutory construction. I would reverse the trial court, remand for a hearing for the purposes of awarding damages for emotional distress, and award appellants' reasonable attorney fees and costs on appeal.

## 2005 RELOCATION ASSISTANCE ACT

In 2005, the Washington legislature passed a bill demanding that landlords pay relocation costs of tenants living in substandard housing. LAWS OF 2005, ch. 364, § 2 (codified at RCW 59.18.085). The legislature declared that the people of the state of Washington deserve decent, safe, and sanitary housing. Certain tenants in Washington live in rental housing that does not meet the state's minimum standards for health and safety because they cannot afford to pay the costs of relocation in advance of occupying

new, safe, and habitable housing. In egregious cases, authorities must condemn property when landlords fail to remedy building code or health code violations after repeated notice, and, as a result, families with limited financial resources are displaced and left with nowhere to go. The 2005 bill allows a municipality to advance the costs of relocation to the tenant and seek reimbursement from the landlord. In the alternative, the tenant may maintain an action against the landlord to collect the costs and "*any actual damages* sustained . . . as a result of the . . . displacement." RCW 59.18.085(e) (emphasis added).

The relevant portions of RCW 59.18.085 read,

(3)(a) If a governmental agency responsible for the enforcement of a building, housing, or other appropriate code has notified the landlord that a dwelling will be condemned or will be unlawful to occupy due to the existence of conditions that violate applicable codes, statutes, ordinances, or regulations, *a landlord, who knew or should have known of the existence of these conditions*, shall be required to pay relocation assistance to the displaced tenants . . . .

. . . .

(b) Relocation assistance provided to displaced tenants under this subsection shall be the greater amount of two thousand dollars per dwelling unit or three times the monthly rent. In addition to relocation assistance, the landlord shall be required to pay to the displaced tenants the entire amount of any deposit prepaid by the tenant and all prepaid rent.

. . . .

(e) Displaced tenants shall be entitled to recover any relocation assistance, prepaid deposits, and prepaid rent required by (b) of this subsection. In addition, *displaced tenants shall be entitled to recover any actual damages sustained* by them as a result of the condemnation, eviction, or displacement *that exceed the amount of relocation assistance that is payable*. In any action brought by displaced tenants to recover

2

any payments or damages required or authorized by this subsection (3)(e) or (c) of this subsection that are not paid by the landlord or advanced by the city, town, county, or municipal corporation, the displaced tenants shall also be entitled to recover their costs of suit or arbitration and reasonable attorneys' fees.

(Emphasis added.)

Chapter 59.18 RCW does not define "actual damages." Our sole issue is whether "any actual damages" under the statute includes damages for emotional distress? The Segura-Gonzalez family understandably claims it suffered significant anxiety, worry, inconvenience, and upheaval from being forced to vacate their home on short notice soon after signing a one-year lease.

Competing lines of law render the answer to our issue problematic. The first line of law, followed by the majority, directs us to deny emotional distress damages when a statutory tort may be committed unintentionally. The second line of law directs us to endorse emotional distress damages when a statute permits an award of "actual damages." Unlike the majority, I would resolve the tension between these two lines of law by applying tempered principles of statutory interpretation in order to discern the legislature's intent and thereby would follow the second line of law.

## STATUTORY TORTS

Under tort principles, when a plaintiff suffers mental or emotional distress caused by some negligent act, there is no right of action, even when the mental condition causes physical injury, unless the act causing the mental fright or emotional distress also

threatens immediate bodily harm. *Kloepfel v. Bokor*, 149 Wn.2d 192, 200, 66 P.3d 630 (2003); *Smith v. Rodene*, 69 Wn.2d 482, 488-89, 418 P.2d 741 (1966). But where mental suffering or emotional distress is caused by a willful act, recovery is permitted, regardless of a threat to physical safety. *Kloepfel*, 149 Wn.2d at 200 (citing *Rodene*, 69 Wn.2d at 488-89); *Odom v. Williams*, 74 Wn.2d 714, 719, 446 P.2d 335 (1968). These principles extend, with one twist, to tort actions based upon statutory violations. If a violation of the statute does not require intentional misconduct, emotional distress damages are generally unrecoverable, even if the defendant's conduct in the suit is willful. *White River Estates v. Hiltbruner*, 134 Wn.2d 761, 765, 953 P.2d 796 (1998); *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 321, 858 P.2d 1054 (1993) (hereinafter *Fisons*). Thus, according to this first line of law adopted by the majority, the focus of the inquiry in statutory claims moves from the particular defendant's conduct to the mental state required by the statute.

Washington's leading case on emotional distress damages for a statute's violation is *White River Estates*, 134 Wn.2d at 765. There, a mobile home park tenant sued her landlord for interfering in a sale of her mobile home, when the landlord refused to consent to the assignment of a park lease. The tenant claimed the landlord violated RCW 59.20.073(5), which reads, in part, "Consent to an assignment shall not be unreasonably withheld." When the jury awarded the tenant damages for emotional distress, the landlord appealed. The Supreme Court reversed the award, since the statute could be

4

violated by negligent conduct.

Our high court began its analysis in *White River Estates* by noting RCW 59.20.073 is silent regarding what damages are available for its violation. The statute neither authorized nor disallowed recovery for emotional distress. In turn, according to the court, whether emotional distress damages are available following a statutory violation will depend on the language of the particular statute at issue. *White River Estates*, 134 Wn.2d at 766. The court wrote:

> White River also argues that emotional distress damages may be a remedy for a statutory violation but only if the violation sounds in intentional tort. We agree. In the absence of a clear mandate from the Legislature, Washington courts have "liberally" construed damages for emotional distress for causes of action, including those based on statutory violations, if the wrong committed is in the nature of an intentional tort.
>
> . . . .
>
> Consistent with the rule that damages for emotional suffering are available only upon proof on an intentional tort, this court has declined to allow emotional distress damages where the statutory violation requires only proof of negligent, as opposed to intentional, conduct.
>
> . . . .
>
> RCW 59.20.073 does not require "willful" or "intentional" conduct, nor has any court interpreted RCW 59.20.073 to require such conduct. The statute requires proof that only the landlord acted "unreasonably" when denying consent to a tenant's assignment. RCW 59.20.073.
>
> . . . .
>
> The particular facts in this case may indicate intentional conduct on the part of the Park, but that is not the inquiry . . . . The focus is not on the particular facts of the case but whether the statutory violation requires proof of an intentional tort.
>
> In conclusion, we find that emotional distress damages are not recoverable for a violation of RCW 59.20.073 because that statute may be violated by conduct not amounting to an intentional tort.

*White River Estates*, 134 Wn.2d at 766, 768-69 (citations omitted).

*White River Estates* built upon a foundation earlier laid by the Supreme Court—namely *Birchler v. Castello Land Co.*, 133 Wn.2d 106, 942 P.2d 968 (1997). In *Birchler*, the Court interpreted the timber trespass statutes, RCW 64.12.030 and .040, as allowing recovery for either a casual or involuntary trespass, on the one hand, or willful trespass, on the other hand, the latter case affording treble damages. 133 Wn.2d at 117. Plaintiffs sought treble damages. Since the plaintiffs hinged their suit upon the intentional trespass portion of the statute, they could recover emotional distress damages. In *Fisons*, however, the state high court denied recovery for emotional distress under the Product Liability Act, chapter 7.72 RCW, since liability could be predicated on negligence or even strict liability. *Fisons*, 122 Wn.2d at 321.

RCW 59.18.085, the statute under which the Segura-Gonzalez family sues, neither expressly permits emotional distress damages nor precludes such damages. Thus, if we follow our first line of law, we must address the mental state element found in RCW 59.18.085.

As the majority discusses, the statute imposes liability upon a landlord that "knew or should have known" of the defective conditions in the premises. The inclusion of the phrase "should have known" presupposes that the defendant has no actual knowledge of the defective condition. If the defendant lacks actual knowledge of a hazard, the defendant's conduct may not be characterized as intentional. A standard that asks whether the defendant knew or, in the exercise of reasonable care, should have known

6

imposes liability for negligence. *Sligar v. Odell*, 156 Wn. App. 720, 732, 233 P.3d 914 (2010) (dog bite); *Maison de France, Ltd. v. Mais Oui!, Inc.*, 126 Wn. App. 34, 44, 108 P.3d 787 (2005) (defamation); *Betty Y. v. Al-Hellou*, 98 Wn. App. 146, 150, 988 P.2d 1031 (1999) (negligent hiring); *Iwai v. State*, 129 Wn.2d 84, 97, 915 P.2d 1089 (1996) (premises liability); *Jung v. York*, 75 Wn.2d 195, 198, 449 P.2d 409 (1969) (pedestrian vehicle accident). "Negligence considers the defendant's conduct by asking what it knew or should have known about hazards." *Simonetta v. Viad Corp.*, 165 Wn.2d 341, 370 n.13, 197 P.3d 127 (2008) (products liability). Since RCW 59.18.085 can be violated by negligent conduct, the majority is correct that emotional distress damages are unavailable under the statute if we strictly apply the holding of *White River Estates*.

But the *White River Estates* line of decisions deserves some criticism. The deciding courts did not attempt to discern, or effectuate, what the legislature intended in each statute. The decisions do not focus on the precise language of the various statutes. The court gives no explanation as to why it could not allow the injured party to recover emotional distress damages for intentional, but not negligent, violations of the respective statutes. The courts give no reason for the creation of the rule. And thus, there is no reason for us to apply it in this case.

## ACTUAL DAMAGES

Based upon the precedence of *White River Estates*, *Birchler*, and *Fisons*, the majority concludes that Segura and Gonzalez may not recover emotional distress

7

damages. Nevertheless, the majority fails to recognize that the statutory language respectively tackled in those three decisions is distinguishable from language in RCW 59.18.085. Specifically, unlike RCW 59.18.085, none of the other statutes at issue in *White River Estates*, *Birchler*, or *Fisons* employ the familiar term "actual damages."

*White River Estates* addressed a violation of RCW 59.20.073, which imposes on landlords a duty not to unreasonably withhold consent of assignment, without mention of a private right of action for its violation, let alone the available damages for such a violation. Nor does chapter 59.20 RCW, the Manufactured/Mobile Home Landlord-Tenant Act, ascertain anywhere in its many sections the damages available for violations of the act by the landlord.

*Birchler* concerned the violation of RCW 64.12.030 and .040, trespass to trees. The former statute directed entry of judgment for "treble the amount of damages claimed or assessed," but does not name the type of damages available.

*Fisons* addressed damages available under the Product Liability Act, chapter 7.72 RCW. The chapter defines "harm": "'Harm' includes any damages recognized by the courts of this state: PROVIDED, That the term 'harm' does not include direct or consequential economic loss under Title 62A RCW." RCW 7.72.010(6). RCW 7.72.010(6) defines "harm" or "damages" broadly, but does not utilize the term "actual damages" used in RCW 59.18.085.

8

Should the difference between RCW 59.18.085 and the other statutes lead this court to conclude that a violation of RCW 59.18.085, despite encompassing negligent conduct, permits damages for emotional distress? Yes.

Currently ninety-five Washington statutes direct courts to grant "actual damages" to prevailing plaintiffs in various statutory causes of action. Many statutory schemes are silent on whether "actual damage" encompasses damages for emotional distress. For example, RCW 7.48.315 permits a farmer, who prevails in any action alleging that agriculture activity constitutes a nuisance, to recover "actual damages," and "actual damages" is defined as including "lost revenue and the replacement value of crops or livestock damaged." RCW 7.48.315(3). Emotional distress damages are not explicitly included in the definition.

As a counter example, RCW 27.44.050, affords a Native American tribe or enrolled member a cause of action for destruction or defacing of an Indian artifact. The statute allows recovery for actual damages and reads that "[a]ctual damages include special and general damages, which include . . . emotional distress." RCW 27.44.050(3)(c). One could conclude that RCW 59.18.085 does not permit emotional distress damages because the statute does not expressly include the term in its language as does RCW 27.44.050. Or one could conclude that RCW 27.44.050 illustrates that emotional distress damages at most automatically, or at least presumptively, flow from use of the term "actual damages."

9

In one setting, the Consumer Protection Act, Washington courts have disallowed recovery of emotional distress damages under a statute that affords "actual damages." *Fisons*, 122 Wn.2d at 318; *Stevens v. Hyde Athletic Indus., Inc.*, 54 Wn. App. 366, 369, 773 P.2d 871 (1989). RCW 19.86.090 grants a private right of action under the act "to recover *actual damages* sustained." (Emphasis added.) Denying emotional distress damages follows sound reasoning, in this context however, because the right to sue is limited to a "person who is injured in his or her business or property by a violation of [the Act]." RCW 19.86.090. According to our high court, "[t]he phrase 'business or property' also retains restrictive significance. It would, for example, exclude personal injuries suffered." *Fisons*, 122 Wn.2d at 318 (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979)).

But otherwise, mental pain and suffering is included within a statutory definition of "actual damages," even when the statutory scheme does not define that phrase. The Washington law against discrimination, RCW 49.60.030(2), states "[a]ny person deeming himself or herself injured by any act in violation of this chapter shall have a civil action . . . . to recover the *actual damages* sustained by the person." (Emphasis added.) In turn, a leading case on emotional distress damages construes the statute. In *Ellingson v. Spokane Mortgage Company*, 19 Wn. App. 48, 573 P.2d 389 (1978), the court addressed whether emotional distress damages were available under RCW 49.60.030(2) and answered in the affirmative. The court considered the phrase "actual damages" to be a

10

"familiar legal term [with a] familiar legal meaning." *Ellingson*, 19 Wn. App. at 57. The

court relied on *Black's Law Dictionary's* definition of "actual damages":

> Real, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury, as opposed on the one hand to "nominal" damages, and on the other to "exemplary" or "punitive" damages. Synonymous with "compensatory damages" and with "general damages."

(Citations omitted.) *Ellingson*, 19 Wn. App. at 57 (quoting BLACK'S LAW DICTIONARY

467 (revised 4th ed. 1968)). The *Ellingson* court held:

> The generally accepted legal meaning of "actual damages" is recognized in *Rasor v. Retail Credit Co.*, [87 Wn.2d 516, 529, 554 P.2d 1041 (1976)]:
> In reference to the type of harm suffered, the term "actual damages" has a generally accepted legal meaning. Although it declined to define "actual injury," the United States Supreme Court recently noted the variety of harm which may result when damage is actually sustained.
>> Suffice it to say that actual injury is not limited to out-of-pocket loss. Indeed, the *more customary types of actual harm* inflicted by defamatory falsehood *include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.* Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury.
> (Italics ours.) *Gertz v. Robert Welch, Inc.* [418 U.S. 323, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974)], *supra* at 350. Accord, *Weaver v. Bank of America Nat'l Trust & Sav. Ass'n* (59 Cal. 2d 428, 30 Cal. Rptr. 4, 380 P.2d 644 (1963)), *supra*; *Anderson v. Pantages Theater Co.*, 114 Wash. 24, 31, 194 P. 813 (1921). *It is important to note* that although *Gertz* was a defamation action, it is clear that the *court's language is not limited to such cases.*
> (Italics ours.) Therefore, we hold that the recovery of "actual damages" under the law against discrimination, RCW 49.60, is not limited to merely pecuniary or out-of-pocket losses or, as the case here, to the wage

> compensation differential. Rather, the remedy and the recovery authorized by the statute encompasses all claims for compensatory damages for injury in fact, as distinguished from exemplary, nominal or punitive damages. This conclusion is consistent with the mandate of liberal construction of this remedial legislation to effectuate its purposes. RCW 49.60.010-.020.

*Ellingson*, 19 Wn. App. at 57-58. (some alterations in original). In so ruling, the court did not base its decision upon the statute generally requiring intentional conduct, but upon the definition of "actual damages."

In *Martini v. Boeing Company*, 137 Wn.2d 357, 971 P.2d 45 (1999), the state high court confirmed that the term "actual damages," in the context of RCW 49.60.020, "encompass[es] all the elements of compensatory awards," including "damages for emotional distress." *Martini*, 137 Wn.2d at 368, 370; *see also Dean v. Seattle-Metro*, 104 Wn.2d 627, 641, 708 P.2d 393 (1985).

*Ellingson* relies significantly upon our Supreme Court's decision in *Rasor v. Retail Credit Company*, 87 Wn.2d 516, 554 P.2d 1041 (1976), in which the Court addressed whether emotional distress damages were available under the federal Fair Credit Reporting Act, chapter 19.182 RCW. The Act permits recovery for "an amount equal to . . . any *actual damages* sustained by the consumer." 15 U.S.C. § 1681o; 15 U.S.C. § 1681n. (Emphasis added.) The Court held that "actual damages" are synonymous with compensatory damages, which includes recovery for emotional distress. *Rasor*, 87 Wn.2d at 530.

*Conrad v. Alderwood Manor*, 119 Wn. App. 275, 78 P.3d 177 (2003), included a

claim under the abuse of vulnerable adults statute, RCW 74.34.200, which permits recovery for "actual damages." RCW 74.34.200(3). Our court did not directly address whether emotional distress damages could be recovered under the statute, but the court affirmed a high jury verdict that included recovery of $2.75 million for mental pain and suffering. Noticeably, the defendant could be held liable for "neglect," i.e., unintentional harm under the statute. Therefore, if the majority is correct, we erred in *Conrad*.

In *Dees v. Allstate Insurance Company*, 933 F. Supp. 2d 1299 (W.D. Wash. 2013), the United States District Court addressed Washington's insurance fair conduct act, RCW 48.30.015. RCW 48.30.015(1) reads, "Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action . . . to recover the *actual damages* sustained." (Emphasis added.) The Court held that pain and suffering could be recovered for a violation of the Act.

As a general rule, federal and other state statutes that grant "actual damages" permit recovery for emotional distress. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 376 (5th Cir. 2008) (privacy act of 1974, 5 U.S.C. § 552a); *Smith v. The Berry Co.*, 198 F.3d 150, 151 (5th Cir. 1999) (Louisiana's antidiscrimination statute); *Greisz v. Household Bank*, 8 F. Supp. 2d 1031, 1043 (N.D. Ill. 1998) (Illinois Consumer Fraud Act); *Dan Boone Mitsubishi, Inc. v. Ebrom*, 830 S.W. 2d 334 (Tex. Ct. App. 1992) (Texas consumer protection act); *Shaw v. Cassar*, 558 F. Supp. 303, 311 (D.C. Mich. 1983) (tenant lock out statute). Thus, our second line of law urges us to award emotional

distress damages under RCW 59.18.085.

## STATUTORY INTERPRETATION

Our review of the two lines of law only begins our task. In the end, we must discern whether our legislature, in RCW 59.18.085, desired the tenant to recover emotional distress damages when forced to relocate because of substandard conditions. We must discover what the legislature meant by the term "actual damages." The court must ascertain and give effect to the legislature's intent. *Dep't of Transp. v. State Emps. Ins. Bd.*, 97 Wn.2d 454, 458, 645 P.2d 1076 (1982). In so doing, the court relies on many tested, commonsensical, and intelligent principles to divine the meaning of the statute, principles employed when interpreting other important and even sacred texts.

To determine legislative intent, this court looks first to the language of the statute. *Lacey Nursing v. Dep't of Revenue*, 128 Wn.2d 40, 53, 905 P.2d 338 (1995). "Undefined statutory terms must be given their usual and ordinary meaning and courts may not read into a statute [meaning] which [is] not there." *Nationwide Ins. v. Williams*, 71 Wn. App. 336, 342, 858 P.2d 516 (1993) (citing *Dominick v. Christensen*, 87 Wn.2d 25, 27, 548 P.2d 541 (1976)). Washington law teaches that "actual damages" is a familiar term that includes emotional distress damages. *Ellingson*, 19 Wn. App. at 57. "Actual damages" thus encompasses the usual and ordinary meaning of emotional distress.

We may also construe a statute by referring to a statement of purpose expressed by the legislature. Espousing its intent for RCW 59.18.085, the legislature stated:

14

> The purpose of this act is to establish a process by which displaced tenants would receive *funds for relocation* from landlords who fail to provide safe and sanitary housing after due notice of building code or health code violations.

LAWS OF 2005, ch. 364, § 1 (emphasis added). One might conclude that the legislature intended to limit recoverable damages to "funds for relocation," or out of pocket expenses. But that interpretation belies RCW 59.18.085's express language. The statement of purpose may inform the impetus for the statute, but it in no way limits RCW 59.18.085(3)(e)'s award of actual damages in addition to relocation costs.

Like a detective looking for evidence surrounding the locus of the body, we may look for clues of the legislature's intent by considering those words surrounding "actual damages" in RCW 59.18.085. We consider the statute's plain meaning by looking at the text of the provision at issue, as well as the context of the statute in which that provision is found. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). The statute reads: "*In addition*, displaced tenants shall be entitled to recover *any actual damages sustained* by them as a result of the condemnation, eviction, or displacement *that exceed the amount of relocation assistance that is payable*." RCW 59.18.085(3)(e) (emphasis added). By its plain language, the statute allows actual damages "in addition" to relocation costs. Mention of amounts "that exceed the amount of relocation assistance" may imply that the only additional damages recoverable are out of pocket or financial damages incurred by relocation. Still, the word preceding "actual damages" in RCW 59.18.085 is "any." The statute entitles the tenant "*to recover any actual damages sustained* by them as a result of

15

the . . . displacement." (Emphasis added.) "Any" is defined in part as "every" and "all," and as being indiscriminate. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 97 (1993). Unless this court includes emotional distress in actual damages, we fail to give meaning to the determiner "any." Thus, the word's use is a strong indication of intent to allow emotional distress damages. The majority's failure to recognize the word "any" in the statute violates the principle that we interpret statutes to give effect to all the language used. *Cornu-Labat v. Hosp. Dist. No. 2 Grant County*, 177 Wn.2d 221, 231, 298 P.3d 741 (2013).

The final principle of statutory construction, upon which we should rely is this: the legislature is presumed to know the law in the area in which it is legislating. *Wynn v. Earin*, 163 Wn.2d 361, 371, 181 P.3d 806 (2008); *Price v. Kitsap Transit*, 125 Wn.2d 456, 463, 886 P.2d 556 (1994). The Washington legislature adopted RCW 59.18.085 in 2005. The state legislature adopted the statute with the backdrop of state decisions holding that "actual damages" includes emotional distress damages. The legislature had available and presumably used definitions of "actual damages" as including emotional distress damages. When the drafters of RCW 59.18.085 prepared the bill and when the legislators voted on the bill, they more likely bore in mind that "actual damages" is defined by a legal dictionary and court cases as including emotional distress damages rather than pondering the court construct, upon which the majority relies, that denies emotional distress damages for statutory torts because they can be committed

16

unintentionally.

Statutes, as expressions of the legislature's intent, prevail over conflicting common law doctrines. *Windust v. Dep't of Labor & Indus.*, 52 Wn.2d 33, 36-37, 323 P.2d 241 (1958); *Wynn*, 131 Wn. App. at 39. Consistent with the intent of the legislature, rather than with a slavish devotion to judicial theory, a displaced tenant should recover emotional distress damages under RCW 59.18.085.

Finally, sound policy reasons exist to grant emotional distress damages upon a violation of RCW 59.18.085. The party injured is typically an economically vulnerable party. Summarily being thrown from one's home is stressful and deserves compensation as much as the cutting of one's trees. By ruling for Segura and Gonzalez, we might help secure safe and sound housing, a critical need for Washington residents.

Fearing, J.

Fearing, J.